## LEE HUGHES v. STATE.

No. A-760.    Opinion Filed April 2, 1912.

(122 Pac. 554.)

1.  **INDICTMENT AND INFORMATION** — Verification — Necessity. There is no requirement of law that an information charging a felony filed in the district court be verified.

2.  **SAME**—Formal Requisites—Allegation as to Preliminary Examination. When an information is filed charging a defendant with the commission of a felony, the law presumes that the defendant has had a preliminary examination or has waived the same, and the information need not allege that fact. If the defendant contends that no preliminary examination has been had or waived, and he desires to raise the question, he must do so by a motion to set aside the information on that ground, and the burden of proof is on him.

3.  **SAME**—Necessity for Indictment—Constitutional Provision. The Constitution of Oklahoma (article 2, sec. 17) authorizes prosecutions for felonies by information, after the accused has had a preliminary examination before an examining magistrate, or having waived such preliminary examination.

4.  **SAME** — Writ of Error — Harmless Error — Information. No information is insufficient by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

5.  **CONTINUANCE** — Writ of Error—Review — Discretion of Trial Court. The granting or refusal of a continuance in a criminal case is largely a matter of discretion of the trial court, and this court will not reverse the trial court on the decision of a matter which rests in the sound discretion of the court, unless it is shown that there has been an abuse of discretion.

6.  **EMBEZZLEMENT**—Defenses—Acts of Person Injured. The relation of debtor and creditor is not substituted for that of principal and agent or owner and broker by according to an embezzling agent or broker time to make good his defalcation, so that such agent may not thereafter be prosecuted for his embezzlement.

7.  **INDICTMENT AND INFORMATION**—Election Between Counts —Necessity. It is only when distinct felonies, not of the same character, are charged in different counts of the same indictment or information that the state may be required to elect upon which count it will claim a conviction.

8.  **SAME**—Discretion of Trial Court. The information in this case charged in the first count the embezzlement of a car load of apples, and in the second count the embezzlement of the money

derived from the sale of the apples. The two said counts charge the same felony. Whether the state should be required to elect upon which count of the information it would stand *is in a case of this character in the discretion of the trial court.*

9.      **TRIAL—Discretion of Trial Court—Indorsement on Information.** The ruling of the trial court in permitting the prosecution to indorse the names of additional witnesses on the information when the case was called for trial, being within the discretion of the court, will not be reversed in the absence of abuse of discretion.

(Syllabus by the Court.)

*Appeal from District Court, Coal County;*
*A. T. West, Judge.*

Lee Hughes was convicted of embezzlement, and brings error. Affirmed.

Lee Hughes, plaintiff in error, was prosecuted by information filed in the district court of Coal county by James R. Wood, county attorney, on the 11th day of March, 1909, charging him in three counts · with embezzlement and larceny of apples and money, the personal property of one H. A. Squires. An amended information was filed March 18th, charging embezzlement in the first and larceny in the second count. The county attorney dismissed the count charging larceny, and relied for conviction upon the count charging embezzlement; the first paragraph charging the embezzlement on November 13, 1908, of 231 barrels of apples, the second paragraph charging the embezzlement on said day of $375 in money, the proceeds of the sale of said apples, the said Lee Hughes being alleged to be the agent, broker, and assignee in trust, of the said H. A. Squires. He was put upon trial and found guilty; his punishment being assessed by the jury at two years in the penitentiary. The judgment and sentence was entered November 12, 1909. From the judgment and an order overruling a motion for a new trial. the defendant appealed by filing in this court on May 9, 1910, his petition in error with case-made.

*J. G. Ralls* and *G. T. Ralls,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *James R. Wood,* Co. Atty., for the State.

DOYLE, J. (after stating the facts as above). The petition alleges 50 assignments of error, 7 of which go to the sufficiency of the information, and will be considered together.

It is contended that the amended information should have been set aside on the defendant's motion, and that his demurrer thereto should have been sustained, because it was not verified properly, and it fails to allege that the defendant had a preliminary examination, and that there is no authority of law for prosecuting by information cases of this kind. Each of these contentions have been decided adversely by this court in the following cases: *Henson v. State,* 5 Okla. Cr. 201, 114 Pac. 630; *In re McNaught,* 1 Okla. Cr. 528, 99 Pac. 241; *Canard v. State,* 2 Okla. Cr. 505, 103 Pac. 737, 881, 139 Am. St. Rep. 949; *Blair v. State,* 4 Okla. Cr. 359, 111 Pac. 1003; *Heacock v. State,* 4 Okla. Cr. 606, 112 Pac. 549. The order denying the motion to set aside and the order overruling the demurrer were properly made.

The next assignment goes to the action of the court in overruling a motion for continuance. When the case was called for trial, the defendant filed his application for continuance, based on the absence of one Geo. W. Delk of Atoka county, for whom a subpoena had been issued and service obtained in Atoka county. No reason appears of record why this witness did not attend. No attachment was asked for, but the court of its own motion upon overruling the application for a continuance ordered an attachment for the absent witness. The application does not show diligence, and no abuse of discretion appears from the record. The rule is well settled that the granting or refusal of a continuance, particularly for causes not enumerated in the statute, is a matter largely within the sound discretion of the trial court, and nothing but the abuse of this discretion will warrant the appellate court in interfering with the judgment. *Vance v. Territory,* 3 Okla. Cr. 208, 105 Pac. 307. We think the application was properly denied.

For the same reason the contention that the court erred in permitting the prosecution to indorse the names of additional witnesses on the information, when the case was called for trial,

is without merit.  *Steen v. State,* 4 Okla. Cr. 309, 111 Pac. 1097.

The overruling of the defendant's challenge for cause to the juror Homer Landon is assigned as error.  This assignment is without merit.  The examination of this juror did not show him to be disqualified within the statute, and the decisions of this court thereon.

The eleventh assignment of error is that the court erred in overruling the defendant's motion to require the prosecution to elect upon which count it would stand.  Upon the trial it appeared without contradiction that the prosecuting witness, Squires, shipped a car load of apples from his home at Wallace, Mo., to the defendant at Lehigh, Okla.; that the defendant was to sell the same and retain 10 per cent. as his commission; that the defendant disposed of all except a few bushels.  Squires, coming to Lehigh, demanded the proceeds, and the defendant told him he would settle on a basis of paying Squires $375.  This amount Squires agreed to accept in full.  The defendant then said that he did his banking business at Atoka, and he would go there and see his banker, and make arrangements for settlement. The defendant left the state that night.  The defendant never paid, or caused to be paid, to Squires the money received for the apples, and kept the same and converted it to his own use.  This was the transaction alleged as embezzlement in the first two paragraphs of the information.  While as a matter of pleading the two paragraphs constitute but one count, the parties and the court considered them as two counts, the first charging embezzlement of the apples and the second embezzlement of the money derived from the sale of the apples.  Treating these paragraphs as separate counts, there was no prejudice to the defendant in the refusal of the court to require the state to elect.

No information is insufficient by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.  It is well settled that, where one felony is set out in various ways in different counts to meet diversities in the proof, no election of counts is required.  The state may be required to elect upon which count

of an indictment or information it will claim conviction only when felonies not of the same character are charged in different counts in the same indictment or information.

Whether the state should be required to elect upon which count of the information it would stand is in a case of this character in the discretion of the trial court. In this case it was all a question of intent as to whether or not the defendant was guilty of embezzlement of the apples or of the money he derived from their sale, and this was for the jury to pass upon under all the proof in the case, and the court very properly left this fact to be determined by the jury under the instructions given.

After the state had concluded the introduction of its testimony, the defendant's counsel filed a demurrer to the evidence, and asked the court to instruct the jury to return a verdict of not guilty. The question presented is this: Is there any evidence tending to show the commission by the defendant of the offense charged? A sufficient answer is found in the statement herein of the undisputed facts, and this bare outline of the facts by no means represents the full force of the proof presented by the prosecution. In fact, we think it conclusively shows the guilt of the defendant of the crime charged. The defendant did not testify as a witness in the case. The contention that the relation of creditor and debtor, and not that of principal and agent or owner and broker, was created because Squires agreed to accept $375 in settlement, is without merit.

The remaining assignments are based upon instructions requested by defendant's counsel and refused, and on the instructions given by the court. We have examined these assignments of error, and do not think any of them are well taken. The instructions given fairly and correctly state the law of the case.

Of the 50 assignments of error argued in the defendant's brief but one is supported by citation of authority. We refer to this fact for the purpose of saying that this practice of alleging unfounded assignments of error and arguing the same without the citation of authority to support the contentions made should not be indulged in. They presumably cost counsel effort and

time, and they needlessly occupy the time of the court and they avail nothing.

Inasmuch as the conclusion reached by the jury is a just one from the evidence, and finding no prejudicial error, the judgment of the district court of Coal county is affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.