# E. W. ROBBINS v. STATE.

No. A-2414.    Opinion Filed March 1, 1916.

(155 Pac. 491.)

1. **COPY OF INDICTMENT—Service Duty to Furnish—Demand—Waiver.** Under the Constitution (article 2, sec. 20, Bill of Rights), in all criminal prosecutions the defendant is entitled to a copy of the accusation against him; but, if he be at large so that he can go to the clerk's office, call for, and examine the original accusation and copy it if he desires, the state is under no obligation to make and serve a copy upon him. However, if he demands a copy thereof, the state must furnish it, but, unless he demands it before announcing ready for trial, his right to a copy is waived.

2. **COPY OF ACCUSATION — Demand — Presentation for Review.** The demand for a copy of the accusation should be made in open court before announcing ready for trial; and the fact of the demand and the court's ruling thereon should be made a matter of record, or shown by proper recitals in the case-made.

3. **LIST OF WITNESSES—Waiver of Right.** The defendant in a capital case may waive his constitutional right to be furnished with a list of witnesses that will be called in chief to prove the allegations of the indictment or information, together with their post office addresses, at least two days before the case is called for trial.

4. **INDICTMENT AND INFORMATION—Preliminary Examination—Objection—Allegation—Proof.** The fact that the defendant has had a preliminary examination need not be alleged in the information or shown affirmatively by the state, the law presumes that the defendant has had a preliminary examination or has waived it, and when the defendant relies upon the want of a preliminary examination, the proper practice is to raise the question by motion to quash or set aside, or by plea in abatement before pleading to the merits; and if issue be joined on such a motion or plea, the burden of proof is upon the defendant.

5. **MOTION IN ARREST—Verification of Information.** An objection first made in a motion in arrest of judgment in a felony case upon the ground that the information was not verified, is too late as the defect is waived by pleading and going to trial upon the merits without objection.

6. **PRESENTATION FOR REVIEW — Presumption — Presence of Defendant.** In the absence from the case-made of a certified transcript of the record including a copy of the minutes of the trial, and where the question was not raised by objection made, or exception taken upon the trial, the presumption will be that the defendant was present during the whole trial.

7. **PRESENTATION FOR REVIEW—Affirmance.** Every presumption favors the regularity of the proceedings had upon the trial. Error must affirmatively appear from the record; it is never presumed. The plaintiff in error must affirmatively show prejudicial error, otherwise the judgment of the trial court will be affirmed.

8. **EVIDENCE OF RAPE.** Evidence considered and **held** sufficient to sustain a conviction of rape in the first degree.

*Appeal from District Court, Payne County;*
*A. H. Huston, Judge.*

E. W. Robbins was convicted of rape in the first degree, and appeals. Affirmed.

The crime is charged to have been committed on the 27th day of July, 1914. The testimony given on behalf of the state was in substance as follows:

Viola Gallagher testified that she lived with her mother on East Highlands, Cushing; that she worked for defendant Robbins in his cold drink stand on North Cleveland avenue on the 4th of July; on the twelfth and then on the 20th, and then began working for him again on the 24th, and from then until the night of the 30th day of July, 1914; that in the forenoon of July 27, defendant accomplished an act of sexual intercourse with her on a tool box behind the counter; that before this he had tried at least three times to have sexual intercourse with her, and each time somebody came in; that in the afternoon of the 29th day of July, defendant again had sexual intercourse with her on his bed in the room in the rear of the cold drink stand. That about a year before she worked a few days for defendant and that time he pulled up her dress and "monkeyed with me with his fingers."

Mrs. Ella Cattron testified that a day or two after her daughter quit working for defendant she found some of her under-clothes blood-stained and she told her daughter she was going to get a doctor, who then said that Mr. Robbins had been mistreating her; that she then went to defendant and asked him for her daughter's pay and told him that he had been mistreating her and defendant denied having mistreated her. That her

daughter worked for defendant when she was twelve years old; that the 4th day of October, 1914, was her fourteenth birthday.

J. F. King testified that he was on the police force of the city of Cushing; that in the summer of 1913 he saw the girl Viola Gallagher sitting on defendant's lap, and his hand was under her clothes; that they were in the back end of the defendant's cold drink stand at the time; that while the girl was working for defendant in July, 1914, he passed defendant's place of business from two to a dozen times a day and would notice the girl and defendant close together when they were alone, and on seeing him they would step apart.

Dr. Manning testified that a few days before defendant's preliminary examination he examined the prosecutrix and found the hymen ruptured and the vagina dilated; that he would not say that she had had sexual intercourse with a man, but she was capable of having; that the parts were abnormal and indicated friction having been had.

As a witness in his own behalf defendant testified that he was fifty-four years old; that he had been crippled by falling off the house and breaking his hip about seven years before, and had to use crutches until about a year ago. He denied all acts of improper conduct with the prosecutrix. He denied that he had ever taken any improper liberties with her. That prosecutrix besides working for him delivered milk to him nearly every night; that he often gave her some ice cream. That on the occasion when Mrs. Cattron accused him of improper conduct towards her daughter, she came in to his place of business and said she wanted a secret conversation with him and he asked her what for, and she said "You have mistreated my daughter." He said she wanted some money. That at the time he did not owe the child anything for services or Mrs. Cattron for milk she had delivered; that the next day he was arrested.

John Holter testified that he stayed with defendant during the month of July, 1914; that he usually left early in the morning and returned late in the evening. That the tool chest in question

belonged to him; that he did not notice any relations or conduct that he would consider improper on the part of the defendant towards the child.

On cross examination he stated:

"What I would judge would be improper others would think different. They were friendly, intimately acquainted. They would have little frolics, just like any other good friends would have. She would throw water, and smut his face up, he would retaliate, and try to black her face, they would have little skirmishes back and forth. In the scuffles, in play back and forth she would do something to him and he would catch her and hold her in his arms. I think it was all good naturedly, not violently. I was convinced there was nothing more than that existing between them."

The defendant put his character as a law abiding citizen in issue. Four or five witnesses qualified and testified that his character as such was good.

It appears from the record that after the judgment was rendered it having been made to appear to the trial court that defendant was unable to pay the costs of a transcript, the court ordered that the court reporter furnish defendant with a transcript of the testimony, and that the court clerk furnish the record without cost to defendant, and by order of this court, upon proper application, the appeal herein was filed as that of a poor person.

*Paul J. McCarthy* and *Burford, Robertson & Hoffman*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, E. W. Robbins, was convicted in the District Court of Payne county of rape in the first degree, and his punishment assessed at fifteen years' imprisonment in the penitentiary. The information in this case was filed in the District Court on the 15th day of September, 1914, and alleges that the crime charged therein was committed on the 27th day of

July, 1914, upon the person of Viola Gallagher, a female child under the age of fourteen years, and of the age of thirteen years.

From the judgment rendered on the verdict an appeal was taken by filing in this court on March 12, 1915, a petition in error with case-made.

The errors assigned will be noticed in their order of presentation. It is claimed that:

"This being a capital case no list of the witnesses together with their post office addresses was ever served on defendant and no copy of the information was ever served on him prior to the trial as required by section 20 of article 2 of the constitution."

It appears from the record that upon his arraignment defendant entered his plea of not guilty and the case was assigned for trial on December 2nd, on which day the trial commenced, and after the state and defendant had each announced ready for trial, and after the jury had been impaneled and sworn for the trial of the case, Wilberfore Jones, counsel for defendant made the following objection:

"Comes now the defendant and excepts to the order of the court requiring the defendant to go upon his trial at this time, for the reason that the bar docket did not reach the hands of attorneys for defendant until the 29th day of November, and for the further reason that the defendant was not present so that counsel could get the names of the witnesses for the defendant, and did not get them until Monday, November 30th, and the praecipe did not reach the office of the clerk by mail until the first day of this term and the subpoena for witnesses were not issued until this date, December 2nd, and defendant is wholly unprepared for trial at this time.

By the Court: Overruled.

By Mr. Jones: Exception."

The only ruling of the court which presents this question is an exception to the overruling of the motion in arrest of judgment.

In the case of *Blair* v. *The State,* 4th Okla. Cr. 359, 111 Pac. 1003, this court held:

"Under the Constitution of Oklahoma, the defendant is entitled to a copy of the indictment or information filed against him; but if he be at large so that he can go to the clerk's office, call for and examine the original accusation, and copy it if he desires, the state is under no obligation to make and serve a copy upon him."

In the case of *State* v. *Frisbee,* 8th Okla. Cr. 406, 127 Pac. 1091, it is held:

"Any person prosecuted in Oklahoma for a capital offense has the constitutional right to have furnished to him, at least two days before the trial begins, a list of the witnesses to be produced against him in chief by the state, and it would be error to force him into trial and allow such witnesses to testify against him whose names have not been so furnished, if he seasonably asserts his right. But if he fails to object to going to trial on this ground, but announces ready for trial, he cannot afterwards avail himself of this objection, and the constitutional right given him by this provision will be waived."

And see *Stouse* v. *State,* 6th Okla. Cr. 415, 119 Pac. 271;

*Addington* v. *State,* 8th Okla. Cr. 703, 130 Pac. 311;

*Franklin* v. *The State,* 9th Okla. Cr. 178, 131 Pac. 183.

In this case upon the record presented we have nothing before us tending to show that defendant was denied his constitutional right to be furnished with a list of the witnesses together with their post-office addresses. In the absence of proof to the contrary all essential preliminary proceedings must be presumed. Every presumption favors the regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record, it is never presumed.

It is next urged that the information was defective because it was not verified and it does not allege that defendant had a preliminary examination.

No objection was made or question raised before or during the trial as to the information, and the only ruling of the court which presents this question is the overruling of the motion in arrest of judgment. The fact that defendant has had a preliminary examination need not be alleged in the information or shown affirmatively by the state, the law presumes that he has had a preliminary examination or has waived it.

*Wines* v. *The State,* 7th Okla. Cr. 450, 124 Pac. 466.

When a defendant relies upon the want of a preliminary examination, the proper practice is to raise the question by a motion to quash or set aside the information, or by plea in abatement before pleading to the merits. The state can then take issue on the motion or plea and the fact can be determined by the proofs and the burden of proof is on the defendant. In this case the testimony on the trial showed that defendant had a preliminary examination. One of his character witnesses testified that he was the committing magistrate in the case. An objection first made in a motion in arrest of judgment in a felony case upon the ground that the information was not verified is too late as the defect was waived by the defendant pleading and going to trial upon the merits without objection.

Under our statute no information is insufficient by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. (Section 5747 Rev. Laws.)

"The verification is not part of an information charging a felony, and is therefore not an indispensable requisite. The object of such verification is not, as in misdemeanors, for a showing of probable cause supported by oath or affirmation to authorize the arrest of the accused, and is not for the purpose of evidence, which is to be weighed and passed upon, but only, as we believe, to secure good faith and as a matter of good form in pleading."

*Henson* v. *The State,* 5th Okla. Cr. 201, 114 Pac. 630;

*Hughes* v. *The State,* 7th Okla. Cr. 117, 122 Pac. 554.

Next, it is contended that, "The record fails wholly to affirmatively show that defendant was present in court during the

argument of counsel before the jury, or that defendant was present in court at the time the jury returned its verdict."

The question presented is raised for the first time in this court by defendant's counsel, who it appears took no part in the trial. The case-made does not show that any objection was made or exception taken to any of the proceedings had upon the trial other than the one already noted, and the case-made does not include a certified copy of the record proper, although it appears that the trial court ordered that the same should be made by the court clerk without cost to the defendant.

Our Procedure Criminal provides, section 5960 Rev. Laws:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action.

First. The indictment and a copy of the minutes of the plea or demurrer.

Second. A copy of the minutes of the trial.

Third. The charges given or refused, and the indorsements, if any, thereon; and,

Fourth. A copy of the judgment."

This provision of the statute specifically defines what constitues, in a criminal case, the record proper, and a transcript of such record proper should be authenticated by the certificate of the clerk of the trial court as prescribed by rule 4, paragraph 2, of the rules of this court. When it appears from the properly certified transcript of the record that the trial court was without jurisdiction, or had lost jurisdiction in the case, such jurisdictional question may be raised for the first time in the Appellate Court. In the absence from the case-made in this case of a certified transcript of the record, the question argued is not presented for review, and cannot be raised for the first time in this court. This court cannot consider questions, other than jurisdictional, which were not raised by objection made or exception taken upon the

trial, or which were not grounds in the motion for a new trial, or in the motion in arrest of judgment.

Having considered every argument or proposition propounded by counsel for defendant, and having carefully examined the case-made with a purpose to discover whether defendant has been deprived of that fair and impartial trial to which he is entitled under the law, and having carefully considered the evidence, we have been unable to find that he has been deprived of any constitutional or legal right, and have reached the conclusion that the evidence in the case fully warranted the verdict of the jury. The judgment of the District Court of Payne county is affirmed.

FURMAN and ARMSTRONG, JJ., concur.