## Ex parte GARRETT BAILEY.

No. A-3502.   Opinion Filed March 1, 1919.
(178 Pac. 701.)

John S. Hale, for petitioner.

The Attorney General and Wm. H. Zwick, Asst. Atty. Gen., for respondent.

DOYLE, P. J. This is a petition for a writ of habeas corpus for the release of Garrett Bailey from the penitentiary. It appears from the petition that Garrett Bailey was by information filed in the district court of Tulsa county, charged with the crime of murder; that upon trial he was found guilty of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of four years; that on the 30th day of April, 1918, judgment was rendered in accordance with the verdict, and time was given in which to make and serve a case-made and file the same as settled in the Criminal Court of Appeals, supersedeas bond being fixed in the sum of $4,000, which bond was given and approved and the defendant enlarged thereon.

It is averred that defendant's parents paid his counsel $136 to apply on counsel fees for perfecting an appeal in said cause, and copies of the receipts for said sum given by counsel are attached to the petition; that defendant's counsel informed said defendant that his appeal had been properly perfected, by filing petition in error and case-made with the clerk of this court; that by reason of the neglect of defendant's counsel no appeal was taken or perfected in said cause. It is further averred:

"That on the 12th day of January, 1919, the defendant, Garrett Bailey, was wrongfully committed to the state penitentiary, and is now by reason of the foregoing facts unlawfully imprisoned in the penitentiary at McAlester, and is now by said warden illegally restrained of his liberty."

To this petition the Attorney General filed a general demurrer on the ground that the allegations of the petition were not sufficient to show that petitioner was entitled to have a writ of habeas corpus issue.

It is a well-settled general rule, by this court often affirmed, that the writ of habeas corpus cannot be issued for the purpose of proceedings in error, and that the jurisdition in a habeas corpus proceeding is confined to an examination of the record, with a view of determining whether the person imprisoned and restrained of his liberty, is detained without authority of law. From the allegations of the petition it appears that petitioner was convicted in a court of competent jurisdiction of an offense charged in the information, and that he is now imprisoned under an order of commitment issued upon a judgment and sentence rendered in accordance with the verdict of the jury.

Our Code provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Second. Upon any process issued on any final judgment of a court of competent jurisdiction." Section 4893, Rev. Laws 1910.

In the case at bar this court is asked to review in this

proceeding alleged errors occurring upon the trial of the prisoner, because he was deprived of the right and benefit of an appeal by reason of the alleged false representations and the neglect of his attorney to prepare and perfect an appeal from the judgment of conviction.

We deem it sufficient to say that a writ of habeas corpus cannot be used to perform the office of an appeal, and the neglect or failure of counsel retained to prepare and perfect an appeal is not sufficient ground for the issuance of a writ of habeas corpus. In Wilkins' Case, 7 Okla. Cr. 422, 115 Pac. 1118, it is held that:

"The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the subject-matter and of the person convicted? And did the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence?"

In Woods' Case, 7 Okla. Cr. 645, 125 Pac. 440, it is held that:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged; and, if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors."

It appearing that the petition is insufficient to show that the petitioner is entitled to have the writ issue, or a rule entered to show cause why the writ should not issue, the demurrer thereto is sustained, and the writ denied.

ARMSTRONG and MATSON, JJ., concur.