## J. H. ANDERSON v. STATE.

No. A-3843. Opinion Filed April 10, 1922.
(204 Pac. 132.)

(Syllabus.)

**Preliminary Examination—Necessity for Examining Trial when Defendant Proceeded Against by Information After Demurrer to Indictment Sustained—Waiver.** Where a demurrer is sustained to an indictment, and the court is of the opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, the court may direct the case to be further proceeded against by information, but in such case it is necessary to accord the accused an examining trial unless the same be waived by him.

(a) Where the accused proceeds to trial, where such an information is filed without a preliminary examination or waiver of same, his failure to object by motion to quash or set aside the information amounts to a waiver of a preliminary examination.

(b) Where, however, the accused moves to quash the information so filed, and no preliminary examination was had or waived by him after the demurrer to the indictment had been sustained, there was no waiver of his constitutional right to

a preliminary examination before prosecution by information as provided in section 17, article 2, of the Constitution.

Appeal from District Court, Custer County; Thomas A. Edwards, Judge.

J. H. Anderson was convicted of the crime of forgery in the second degree, and sentenced to serve a term of four years in the state penitentiary, and appeals. Reversed.

T. W. Jones, Jr., and E. L. Mitchell, for plaintiff in error.

George F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

MATSON J. This is an appeal from the district court of Custer county, wherein the plaintiff in error, J. H. Anderson, was on the 6th day of April, 1920, convicted of the crime of forgery in the second degree and sentenced to serve a term of four years in the state penitentiary at Granite, Okla. From the judgment rendered against him an appeal has been taken to this court and several grounds of alleged error are urged for a reversal of the judgment, among which is a ground that the plaintiff in error was tried and convicted of a felony by information without having been accorded a preliminary examination or having waived the same, all over his objection and exception, which more fully appears hereafter.

The record discloses that at the November term, 1919, of the district court of Custer county, Okla., a grand jury returned an indictment against the said J. H. Anderson in which he was charged, in substance, with "having in his possession a forged and counterfeit negotiable note then and there knowing the said note to be false, forged, and counterfeit, and with the intent to utter the same as true to sundry persons to the grand jury unknown, and with the intent to defraud some persons unknown to the jurors." To this indictment a de-

murrer was interposed by the defendant and the same was sustained by the trial court. Upon sustaining the demurrer to the indictment the trial court made an order directing the county attorney of Custer county to file an information against the defendant charging said offense. Thereafter, pursuant to said order, the county attorney did file an information against this said defendant in said court charging him with the same offense. Thereafter the defendant was called for arraignment on said information and interposed a motion to quash the same for the reason that no preliminary complaint was ever filed against him charging said offense and no preliminary examination had or waived by the said defendant. The motion to quash the information was overruled and exceptions saved by the defendant. Thereafter the defendant demurred to the information, which demurrer was overruled and exceptions saved. Thereafter a jury was impaneled and sworn and the trial proceeded, resulting in a verdict and judgment as above indicated.

Section 17, article 2, of the Constitution provides in part:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination."

Construing said constitutional provision in the case of Williams v. State, 6 Okla. Cr. 373, 118 Pac. 1006, it is held:

"Section 17, Bill of Rights, prescribes: 'No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination.' Held, that under the constitutional provision the precedent fact that a preliminary examination has been had or waived constitutes a jurisdictional basis for a prosecution on information in the

district court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that defendant is guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant."

See, also, Tucker v. State, 9 Okla. Cr. 587, 132 Pac. 825, Sayers v. State, 10 Okla. Cr. 195, 135 Pac. 944, Sayre v. State, 10 Okla. Cr. 233, 135 Pac. 1073.

Section 5795, Revised Laws 1910, of the chapter on Criminal Procedure provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, directs the case be resubmitted to the same or another grand jury, or that a new information be filed."

In Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18, it is held:

"Under sections 5794 to 5797, inclusive, Revised Laws 1910, if a demurrer to an indictment or information is sustained and the court is of the opinion that the objection to the demurrer may be avoided by a new indictment or information, the direction of the court to hold the defendant for further prosecution is sufficient to prevent a judgment bar arising from sustaining the demurrer, if, from the language used in the order, it may be fairly inferred that the court intended that the case be resubmitted to a grand jury or that a new information be filed.

"When the prosecution for a felony is commenced by the return of an indictment, to which a demurrer is afterwards

sustained, and the court is of the opinion that the defects in the indictment may be cured by a new indictment or information, the court has the alternative discretion of directing that the cause be submitted to the same or another grand jury or that a new information be filed. In case of filing a new information it is necessary that an examining trial be had unless the same be waived by the accused.''

While this court has held in prosecutions for felony by information the defendant may waive his right to a preliminary examination, and does waive the same where no objection is made to the prosecution in the trial court, that is not the condition of this record. Here the defendant by timely objection,—namely, by motion to quash the information because no preliminary examination had been had or waived,—fully saved and did not waive his constitutional right to a preliminary examination before trial for a felony prosecution by information.

Unless the preliminary examination was waived, where the question is properly presented to the trial court as in this case, it is a denial of the defendant's constitutional right as provided in section 17, article 2, supra, to try the defendant on a felony charge by information without a preliminary examination, and the district court had no jurisdiction to try this defendant on this charge because no preliminary examination was accorded him or waived by him, and the question was properly presented by his motion to quash the information. In view of these specific provisions of section 17, article 2, of the Constitution, supra, an ex parte examination by a grand jury cannot be used as a substitute for a preliminary examination before an examining magistrate, and section 5795, Revised Laws 1910, supra, must be construed in connection with the provisions of section 17, article 2, of the Constitution.

The Attorney General has filed a confession or error recommending that the judgment be reversed upon the grounds

stated in this opinion. The conclusion is reached that the confession of error of the Attorney General is well founded in law. For reasons stated, the judgment of conviction is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.