### GEORGE STAMPER v. STATE.

No. A-4007. · Opinion Filed June 16, 1923.
Rehearing Denied Dec. 4, 1923.
(220 Pac. 67.)

(Syllabus.)

1.  **Indictment and Information—Objection to be Made Before Pleading to Merits.** Objections to an indictment or information based upon the absence of any essential preliminary proceeding should be made by proper motion or plea before pleading to the merits.

2.  **Same—Presumption that Accused Charged with Felony Has Had or Waived Preliminary Examination.** When an information is filed charging a defendant with the commission of a felony, the law presumes that the defendant has had a preliminary examination, or has waived the same, and the information need not allege that fact. If the defendant contends that no preliminary examination has been had or waived, and he desires to raise the question, he must do so by a motion to set aside or to quash the information by plea in abatement before pleading to the merits.

3.  **Indictment and Information—Verification not Indispensable to Information Charging Felony.** The verification of an information charging a felony is no part of the information itself, and is not an indispensable requisite.

4.  **Homicide—Evidence Sustaining Conviction of Shooting Another with Intent to Kill.** In a prosecution for shooting another with intent to kill, evidence held sufficient to support the verdict and judgment of conviction.

Appeal from District Court, Pottawatomie County; Hal Johnson, Judge.

George Stamper was convicted of shooting another with intent to kill, and he appeals. Affirmed.

Goode & Dierker, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the state.

DOYLE, J.  This appeal is from a judgment of conviction rendered on the verdict of a jury finding George Stamper guilty of shooting one Ralph Turner with intent to kill, and assessing his punishment at imprisonment in the penitentiary for the term of one year and one day.

It is assigned as error that the court erred in assuming jurisdiction to try the defendant on the information, because the record of the examining magistrate shows that defendant was denied a preliminary hearing before an examining magistrate having jurisdiction of the complaint upon which the information is based, in that said defendant filed his affidavit for a change of venue before said cause was heard before the examining magistrate, and the same was unlawfully denied, and that the information is wholly insufficient to constitute a valid information, because it is not verified by the oath of the prosecuting attorney, or some other person as by law required.

It is not claimed by the defendant that a complaint was not filed against him before an examining magistrate charging him with the identical offense with which he was charged in the information, or that a preliminary examination was not held.

The record shows that the only objection made to the information was the filing of a demurrer thereto, and it does

not show that any exception was taken to the judgment of the court overruling it.

The record or transcript of the proceedings had on the preliminary examination was not offered in evidence.

Our Code provides:

"When the objections mentioned in section 5791 (2608) appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." (Comp. Stats. 1921, § 2616.)

The record shows that no objection to the jurisdiction of the court was taken by objection at the trial, and that no motion in arrest of judgment was filed in the case.

By numerous decisions of this court it is held that objections to an indictment or information based upon the absence of any essential preliminary proceeding should be made by proper motion or plea before pleading to the merits, and when a defendant relies upon the want of a preliminary examination the proper practice is to raise the question by a motion to set aside or to quash the information, or by plea in abatement before pleading to the merits. The state can then take issue on the motion or plea, and the fact can be determined by the proof, and the burden of proof is on the defendant. Robbins v. State, 12 Okla. Cr. 294, 155 Pac. 491; Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701; Roebuck et al. v. State, 14 Okla. Cr. 241, 170 Pac. 277.

Upon the record before us, counsel for appellant have not properly raised the question of jurisdiction. Only prejudicial errors raised by exceptions reserved require a new

trial, and it is only when we are satisfied that the verdict was contrary to law or to the evidence, or that injustice has been done, that we are permitted to reverse a conviction, whether or not an exception has been taken in the trial court. And where a defendant upon arraignment pleads to the merits and enters on the trial he waives the right to a preliminary examination, or, if one was held, he waives the right to any irregularity in the proceeding. Muldrow v. State, 16 Okla. Cr. 549, 185 Pac. 332.

The record further shows that no objection was made or question raised during the trial upon the ground that the information was not verified.

Under our Code—

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Comp. Stats. 1921, § 2564.

The uniform holding of this court is that:

"The verification is not a part of an information charging a felony, and is therefore not an indispensable requisite. The object of such verification is not, as in misdemeanors, for a showing of probable cause supported by oath or affirmation, to authorize the arrest of the accused, and it is not for the purpose of evidence, which is to be weighed and passed upon, but only, as we believe, to secure good faith and as a matter of good form in pleading." Henson v. State, 5 Okla. Cr. 201, 114 Pac. 630; Hughes v. State, 7 Okla. Cr. 117, 122 Pac. 554; Brown v. State, 9 Okla. Cr. 383, 132 Pac. 359.

Upon careful examination, we discover no error in the record. The case appears to have been fairly tried, and the verdict appears to have been fully justified by the evidence.

The judgment of the district court of Pottawatomie county is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.