Ex parte W. O. WEST.

No. A-9341.   Aug. 20, 1937.
(71 Pac. 2d 129.)

C. F. Gowdy, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

DOYLE, J. The petitioner, W. O. West, now confined in the state penitentiary, alleges that he is unlawfully imprisoned and restrained of his liberty by the warden, Jess F. Dunn.

It appears both by the petition upon which a rule to show cause issued, and by the response of the warden that the petitioner was convicted in the district court of Tulsa county, upon an information charging him with the crime of burglary in the second degree, second offense; the judgment was rendered on November 22, 1935, upon his plea of guilty, and he was sentenced to a term of five years in the penitentiary.

The petition alleges:

"That said restraint is illegal in this, that over timely objection he was forced to plead to the information charging him with second degree burglary as a second offense without first being given a preliminary examination on said charge as a second offense, and that the county attorney was unauthorized to file an information different from and alleging a different crime, or one which carried a different penalty than the one upon which petitioner was bound over to answer; that the information shows upon its face that it is void and of no effect in that it is not signed by the county attorney or by an assistant county attorney as required by section 2829, St. 1931, 22 Okla.

St. Ann. § 303, the signature being Holly L. Anderson County Attorney by M. S. Simms, assistant, and that petitioner was not represented by counsel at the time he entered his plea."

The Attorney General's response on behalf of respondent and the state concludes as follows:

"For further response to the rule to show cause issued herein, respondent says that the defendant did not plead guilty as a second offender as shown by respondent's 'Exhibit A', and that the second paragraph of petitioner's 'Exhibit C', which was the information filed in the district court of Tulsa county, Oklahoma, upon which the above judgment and sentence in said case No. 7441 was based, is mere surplusage and of no force and effect.

"For further response to the rule to show cause issued herein, respondent says that the petition and application on file herein does not state facts sufficient to warrant the release and discharge of the petitioner as prayed for therein or to show that said petitioner is entitled to be released or discharged from further retention and imprisonment in the Oklahoma state penitentiary."

It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal.

Before the writ is available as a means of release from confinement, it must appear that the court issuing the process has acted without jurisdiction.

The information in this case was based on Penal Code, article 6, §§ 1817 and 1818, entitled, "Second Offenses," 21 Okla. St. Ann. §§ 51, 52.

In the case of Ex parte Bailey, 60 Okla. Cr. 278, 64 Pac. (2d) 278, construing said sections, this court held:

"Habitual criminal statute, * * * does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction."

And further held:

"The allegation of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only."

When the county attorney's name is affixed with authority to an information which is signed by his legally appointed assistant, it is a sufficient compliance with the statute. Section 2829, 22 Okla. St. Ann. § 303.

It is unquestionably the law where the petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment and the judgment is void and not merely voidable, release cannot be had by habeas corpus however numerous and gross may have been the errors committed during the trial, or in the procedings preliminary thereto. In re McNaught, 1 Okla. Cr. 528, 99 Pac. 241; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 Pac. 486; Ex parte Bailey, 35 Okla. Cr. 402, 178 Pac. 701.

It appearing that the petition is insufficient to show that the petitioner is entitled to have the writ issue, the demurrer thereto is sustained, and the writ denied.

DAVENPORT, P. J., and BAREFOOT, J., concur.