Ex parte PAUL LEBARRE.

No. A-10117.   March 25, 1942.

(124 P. 2d 277.)

Walter Hubbell, of Walters, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This case is similar in many aspects to the case of Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163, decided by this court on February 4, 1942. It involves an interpretation of the statute authorizing the suspension of sentences. 22 Okla. St. Ann. §§ 991, 992; O. S. 1941, tit. 22, §§ 991, 992.

The petitioner pleaded guilty on March 7, 1938, in the district court of Cotton county, to a charge of larceny of livestock and was sentenced to serve a term of five years in the Oklahoma State Reformatory. The execution of this sentence was suspended during good behavior of the defendant, in accordance with the provisions of the Oklahoma statute.

On July 24, 1939, a complaint was filed against the defendant in Cotton county charging him with the crime of rape. The defendant was absent from the state at the time this charge was filed. The defendant was apprehended in Houston, Tex., by the Federal Bureau of In-

vestigation in January, 1941, was returned to Oklahoma, and placed in the Cotton county jail. The defendant waived a preliminary examination on the charge of rape in the first degree which was pending against him and was bound over to await the action of the district court and committed to jail without bond.

Later, on the 9th day of April, 1941, after the said case had been regularly set for trial, the prosecuting witness refused to appear against the defendant and the case was dismissed. At the same time, the county attorney filed a written application directed to the district court of Cotton county praying that the suspended sentence theretofore given the defendant be revoked.

On April 14, 1941, a hearing was had on said application, at which hearing the petitioner was present in person and with counsel. The court, after hearing the facts, made an order revoking the suspended sentence and directing the sheriff of Cotton county to forthwith transport the defendant to the State Reformatory.

This action was then instituted as an original proceeding in this court by the petitioner, who makes the same attack upon the proceedings as were contended by the petitioner in Ex parte Boyd, supra. In Ex parte Boyd, it is stated:

"Suspension of sentence under said statute is not a parole nor pardon, but is an authorized mode of mild and ambulatory punishment, instituted by the Legislature for the purpose of giving persons who come within the operation of the statute an opportunity for reformation."

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court."

"Where all constitutional and statutory guarantees have been observed in criminal prosecution, requirements of due process are fully satisfied, presumption of innocence is overcome, and hence suspension of sentence is not a matter of right, but purely within trial court's discretion."

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute."

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of summary character."

"In habeas corpus proceeding by accused, alleging trial court revoked suspended sentence without due process of law, the question for determination is whether there has been an abuse of discretion by trial court, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action."

In accordance with the conclusion reached in Ex parte Boyd, supra, we confine ourselves in this case to a discussion of the questions as to whether the action of the district court of Cotton county in revoking the suspended sentence of the petitioner was arbitrary and constituted an abuse of judicial discretion.

The county attorney, in his written application to revoke the suspended sentence, stated that he was satisfied from the investigation he had made that the defendant was guilty of the crime of rape in the first degree, but that during the many months interim from the date of the filing of the preliminary complaint against the defendant to the date he was apprehended, the prosecuting witness became engaged and later married; and that at

the time of the trial, being then a married woman, her husband objected to her testifying, because of the attendant publicity which she would receive by appearing as a witness against the defendant. It is further contended that defendant had been guilty of other violations in that he had registered for the draft under an assumed name, and that while he was an inmate of the county jail awaiting trial upon the rape charge, he had sought to intimidate witnesses to be used in the trial against him, and that through a letter intercepted by the officers which was written by the petitioner it was disclosed that the petitioner was making all efforts in his power to secure other persons to commit the offense of subornation of perjury in connection with the rape charge.

It is unnecessary to detail the evidence introduced by the county attorney in support of his application, other than to state that the proof introduced substantiated the allegations set forth in his application. On behalf of the petitioner it is contended that the registration for the draft under an assumed name and the writing of the letter which was intercepted by the officers were not sufficient in themselves to show a violation of the conditions of the suspension set forth in the statute and the rape charge should not be considered because it was dismissed because of insufficient evidence.

With this contention of petitioner we cannot agree. The court had a right to consider those facts, together with the fact that the defendant was a fugitive from justice for several months before he was apprehended. The petitioner had failed to make the reports to the district judge showing that he was conducting himself as a law-abiding citizen, as required by the statute. It is our conclusion that the defendant has failed to sustain the burden of showing that the act of the district court of

Cotton county in revoking the suspended sentence was arbitrary and an abuse of judicial discretion.

The writ is denied.

BAREFOOT, P. J., concurs. DOYLE, J., concurs in conclusion only.