## Ex parte BOBLEE CARTWRIGHT.

No. A-11132. Jan. 5, 1949.
(201 P. 2d 935.)

Boblee Cartwright, pro se., and R. C. Searcy, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original proceeding for a writ of habeas corpus brought by Boblee Cartwright, petitioner, wherein he seeks release from the custody of C. P. Burford, warden of the State Penitentiary at McAlester. In his petition as amended he alleges the cause of his restraint is by

reason of a judgment and sentence in the district court of Tulsa county, Oklahoma, on the 7th day of June, 1946, wherein he was being prosecuted for the murder of Fred M. Stahl. He alleges that in pursuance of conviction and judgment thereon he was sentenced to the penitentiary for life. He complains that the conviction and sentence thereon was wrongful, unlawful and void in that the petitioner was denied some of his constitutional and statutory rights. The basis for this contention is as follows: That on May 24, 1946, a preliminary complaint was filed in the court of common pleas of Tulsa county charging him with the murder of Fred M. Stahl. Petitioner alleges that he was never arraigned on said complaint, and never given an opportunity to plead thereto or given a preliminary hearing thereon. Further, he alleges that notwithstanding the lack of a preliminary hearing, on June 7, 1946, he was arraigned before Honorable Harry L. S. Halley, judge of the district court of Tulsa county, on the information pending therein. And that at the time of his arraignment in the district court petitioner waived preliminary hearing in said case and entered his plea of guilty to the charge of murder as laid in the information, and the sentence he is serving was imposed. He further alleges that he was unfamiliar with court proceedings of any kind, and was not aware of the fact that he was entitled to a preliminary hearing. He says he did not understand the meaning and purport thereof, until his incarceration in the penitentiary at McAlester. He further alleges that his plea of guilty was induced by one Tony Benson, an investigator in the county attorney's office, who told him that he had "better do something and do it quickly or he would burn" for said murder. He says that said officer talked in such an authoritative manner as to greatly frighten him, so that he was induced to enter his plea of guilty.

The writ of habeas corpus is limited to cases in which the judgment and sentence are clearly void. Ex parte Matthews, 85 Okla.Cr. 173, 186 P.2d 840; Ex parte Darr, 84 Okla.Cr. 352, 182 P.2d 523; Ex parte Walker, 84 Okla.Cr. 190, 180 P. 2d 670; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

It is fundamental that where a petition for writ of habeas corpus is filed, the burden is upon the petitioner to sustain the allegations thereof, and every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed. Ex parte Matthews, supra.

We have also often held that where a disputed question arises as to what occurred upon arraignment of one accused of a crime, great weight will be given to the recitation in the minutes of the court proceedings as to what occurred. Ex parte Meadows, 70 Okla.Cr. 304, 106 P.2d 139; Ex parte Matthews, supra.

The court minutes as contained in the record disclose, among other things, that in case No. 49,429, pending in the court of common pleas of Tulsa county, Oklahoma, on May 27, 1946

"Deft. Cartwright in open court for arr. represented by Lawrence Elder, Mr. Dunn, Mr. Ward. Co. Atty. given permission to amend inf to state true name Bobby Lee Cartwright. Inf read, advised of rights, pleads not guilty. Preliminary, June 10, 1946. Held without bond. Com. Iss (H)."

The record further discloses as revealed by the minutes of the district court of Tulsa county, Oklahoma, in Criminal case No. 12,521 that the defendant appeared with counsel, C. Lawrence Elder, in open court before Honorable Harry L. S. Halley and entered his plea of guilty. No motion to quash or plea in abatement or any other attack on the court's jurisdiction was presented.

The record further discloses that the defendant at the time he entered said plea was a man 39 years of age and that he had served three prior sentences, two in the penitentiary at McAlester, Oklahoma, and one in the State Penitentiary at Lansing, Kansas. The age, experience, and prior record of the petitioner makes it clear, he was not inexperienced or ignorant in such matters.

As to the matter of waiver of a preliminary hearing under conditions as herein involved, this court has spoken. In Sheller v. State, 58 Okla.Cr. 204, 52 P.2d 105, this court said:

"Preliminary examination of accused charged with felony may be waived before committing magistrate, or entire preliminary proceedings may be waived in trial court and is waived by failure to file motion to quash or set aside information in apt time (St.1931 §§ 2937, 2940-2942 [22 O.S. 1941 §§ 493, 496-498]; Const. art. 2 § 17)."

See Anderson v. State, 21 Okla.Cr. 177, 204 P. 132; Cooper v. State, 31 Okla.Cr. 217, 238 P. 503; Neff v. State, 39 Okla. Cr. 133, 264 P. 649.

This court has further held that a preliminary examination is a right accorded which the accused may waive, under Const. art. 2, § 17, prescribing "No person shall be prosecuted * * * for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary

examination." Further, where the defendant is arraigned on an information and pleads to the merits, he waives the right to a preliminary examination, or if one was held, any irregularity therein. Neff v. State, supra. Moreover, where a defendant voluntarily entered a plea of guilty, he will be deemed to have waived any right he may have had to question the fact that he did not have a preliminary examination. And, further, where one is charged in the district court by information, and desires to raise the question of not having had a preliminary examination, this should be done by plea in abatement, or by motion to quash the information. Sparks v. State, 71 Okla.Cr. 430, 112 P. 2d 434; Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, 259; Stamper v.State, 25 Okla.Cr. 324, 220 P. 67; Robbins v. State, 12 Okla.Cr. 294, 155 P. 491; Quinton v. State, 10 Okla.Cr. 520,139 P. 705, and in Ex parte Owen, 82 Okla. Cr. 415, 171 P.2d 868, 871:

"We call particular attention to the case of Landon v. State, 82 Okla.Cr. 336, 166 P.2d 781, in which it is held:

" 'The right to have a preliminary examination is for the benefit of the accused and proper proceeding to raise question of failure to have preliminary examination is by a motion to quash or set aside the information before entering a plea to the information.

" ' Where defendant voluntarily enters a plea to the information and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have a preliminary examination * * *.'

"See also Ex parte Miller, 82 Okla.Cr. 315, 169 P.2d 574; * * * ."

The record in this case fails to disclose that any such attack was made before the plea of guilty was entered. In view of the recitals contained in the court's minutes, that the defendant was represented by and had the advice of

able counsel, and had been advised of his rights in the court of common pleas, and with full knowledge thereof, pleaded guilty. to the information and did not question the jurisdiction of the court by motion to quash or set aside the information, and considering the prior experience of petitioner, we cannot conclude other than that the petitioner's plea of guilty was made after the waiver of his right to a preliminary hearing. It is obvious this contention of the petitioner .is without merit.

His next contention is based entirely upon the element of duress created by the alleged conversation with Tony Benson, which is supported only by his testimony in relation thereto. This court has repeatedly held as against such collateral attack in a habeas corpus proceeding the judgment is valid unless the contrary appears in the record. Ex parte Motley, 86 Okla.Cr. 401, 193 P.2d 613; Ex parte Matthews, supra. Moreover, such proof as is offered by the petitioner in this connection must be corroborated by clear and convincing proof. Ex parte Matthews, supra. No such proof is before us in this proceeding. In light of the foregoing, the petitioner has not sustained the burden that he was denied constitutional or statutory rights he did not waive, that his plea of guilty to the information was entered through ignorance, inexperience or lack of advice, but, to the contrary, from the record it appears he waived a preliminary hearing, and his plea of guilty was voluntarily made. Under this record, it is apparent the court had jurisdiction of the person of the defendant, jurisdiction of the subject matter and authority under the law to pronounce the judgment rendered. This court has repeatedly held that in a habeas corpus proceeding inquiry is limited to those questions. Ex parte Matthews, supra; Ex parte Vanderburg, 73 Okla.Cr. 21, 117 P.2d 550; Ex

parte Massengale, 67 Okla.Cr. 181, 93 P.2d 41; Ex parte Barnette, 67 Okla.Cr. 300, 94 P.2d 18; In re Swaim, 66 Okla.Cr. 30, 38, 89 P.2d 363; Ex parte Keel, 62 Okla.Cr. 277, 71 P.2d 313; Ex parte Newman, 67 Okla.Cr. 401, 94 P.2d 556; Ex parte Davis, 68 Okla.Cr. 29, 95 P.2d 915; Ex parte West, 62 Okla.Cr. 260, 71 P.2d 129. It therefore appears that the jurisdiction of the court in this proceeding was well grounded. For all of the aforesaid reasons the petition for writ of habeas corpus is accordingly denied.

BAREFOOT, P. J., and JONES, J., concur.