Application for Habeas Corpus of James A.
BROWN, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–12928.

Court of Criminal Appeals of Oklahoma.

July 20, 1960.

James A. Brown, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., respondents.

BRETT, Judge.

■ This is an original petition for habeas corpus brought by James A. Brown. In said petition he alleges that he is being unlawfully restrained of his liberty by the warden of the Oklahoma State Penitentiary by reason of a judgment and sentence made and entered on December 10, 1952, adjudging him to be guilty of the crime of robbery with a dangerous weapon in which judgment and sentence he was to be confined to the Oklahoma State Penitentiary for a term of 20 years, which judgment and sentence was suspended during good behavior.

It further appears that the order suspending the judgment and sentence was revoked, vacated, and set aside and the petitioner directed to be delivered to McAlester to serve the sentence of 20 years. The revocation as alleged in the petition is by reason of the commission of the crime of aggravated assault allegedly committed against one John Brock on March 16, 1958, by the petitioner, James A. Brown, in Collingsworth County, Texas. To this crime he plead guilty on March 17, 1958, and upon which plea he was sentenced to pay a fine of $25 and serve a sentence of 30 days in jail. The said judgment and sentence was not appealed and became final.

In said petition, petitioner alleges that said judgment and sentence rendered in Texas was plead as a predicate for a revocation of the original judgment and sentence made in the District Court of Greer County, Oklahoma on December 10, 1952. He asserts that the judgment entered in Collingsworth County, Texas on March 17, 1958, was invalid and should be set aside because it was obtained by promises and false representations made to him and by threats to induce him to plead guilty. He further complains that John Brock, the victim of the alleged assault did not appear when the plea of guilty was entered and no evidence was introduced in support of the defendant's plea of guilty. Said matter so plead is supported by the affidavit of R. L. Templeton, who was County Judge of Collingsworth County, Texas on March 17, 1938, when the plea on the alleged aggravated assault was made, entered and accepted by the Court, and judgment and sentence pronounced thereon. The affidavit states that said judgment should be vacated, but if the same was vacated prior to its being plead in Greer County, Oklahoma, such fact does not appear in the record.

Under the record, the judgment and sentence made and entered in Collingsworth County, Texas on March 17, 1958, was a valid and subsisting judgment and sentence, sufficient in every respect to support the order of revocation made and entered by the District Court of Greer County, Oklahoma,

revoking the suspended sentence as originally entered on December 10, 1952.

 This Court has repeatedly held that where the trial court has jurisdiction of the person, jurisdiction of the subject matter, and authority to pronounce the judgment and sentence entered, said Court has jurisdiction to pronounce a valid judgment and sentence and relief against the said judgment will not be had by way of habeas corpus. Moreover, the burden of establishing the allegations of the petition in habeas corpus is on the petitioner. Lavender v. McLeod, Okl.Cr., 325 P.2d 1080. Every presumption favors regularity in the proceedings of the trial court and lack of jurisdiction must affirmatively appear from the record and is never presumed. Ex parte Giles, 97 Okl.Cr. 292, 262 P.2d 909. The allegations herein are clearly insufficient to allege relief by habeas corpus.

A final judgment and sentence pronounced by a court having jurisdiction of the person of the subject matter, and authority under law to enter the same, is sufficient to constitute the basis for revocation of a prior suspended sentence and is not subject to collateral attack through the affidavit of the judge who entered the same, where the basis of impeachment does not affirmatively appear in the record. Ex parte Cartwright, 88 Okl.Cr. 206, 201 P.2d 935. Such does not appear in the record of the proceedings under attack in the case at bar. Moreover, it is not necessary that revocation be predicated upon a judgment and sentence, it may be ordered upon facts that establish the accused was engaging in vicious habits. 22 O.S. § 992. A plea of guilty to aggravated assault followed by judgment and sentence which is not appealed constitutes evidence of vicious habits. In this case the record shows that another charge was lodged against petitioner for aggravated assault in the same Collingsworth County, Texas, but the case was dismissed because the aggrieved party left the County and did not appear against the petitioner.

The matter of revocation of suspended sentence is within the sound discretion of the trial court, and is limited only by the provisions of the statutes. Leasure v. State, Okl.Cr., 275 P.2d 344. The action of the trial court is clearly within the law. We will not interfere with the exercise of the court's discretion under these conditions. The trial court's action, herein, was neither arbitrary nor abusive and only when it appears that the exercise of discretion is arbitrary will this court interfere. Ex parte Lebarre, 74 Okl.Cr. 156, 124 P.2d 277.

The petition for habeas corpus does not state facts warranting interference with the judge's discretion. The allegations therein are in conflict with the records plead and the provision of law governing the situation. Lavender v. McLeod, supra. The petition for habeas corpus is accordingly dismissed.

POWELL, P. J., and NIX, J., concur.