**Fred Duane TUGGLE, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, The District Court of Cherokee County, Oklahoma, and The State of Oklahoma, Respondents.**

**No. A–14113.**

Court of Criminal Appeals of Oklahoma.

April 26, 1967.

Fred Duane Tuggle, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original proceeding for a writ of habeas corpus by Fred Duane Tuggle, petitioner, wherein he seeks release from the custody of Ray H. Page, Warden of the Oklahoma State Penitentiary. The said custody, as the records disclose, is based upon the facts that petitioner was charged on June 15, 1959 in case No. 2402 in the District Court of Cherokee County with the murder of Cecil Truitt; and on the same date in case No. 2403 was charged with the murder of Charles Truitt, both occurring on May 17, 1959, in Cherokee County.

The records show that petitioner was represented by two able attorneys at his preliminary hearing before the county judge, sitting as an examining magistrate; and at his arraignment in the district court, at which time he entered his plea of guilty to each of said charges. His pleas were accepted by the court, and the defendant, petitioner here, was sentenced in each case to life imprisonment, the sentences to run concurrently. No motion to quash or plea in abatement, or any other attack on the court's jurisdiction was presented

■ Where the defendant is arraigned on an information and pleads to the merits, he waives all rights to complain of any irregularities in the preliminary examination. Neff v. State, 39 Okl.Cr. 133, 264 P. 649.

Due to the age of this defendant at the time these crimes were committed, the fact that he has made a model prisoner, and at this time is performing responsible work at the penitentiary, we have given special attention to his petition, which he files without the assistance of counsel. This petitioner has been permitted to appear in person before this Court on two occasions, and has testified before the Court. We thereafter required the Attorney General, representing the Warden and the State, to furnish certified copies of all documents and proceedings had in the original trials. We have carefully considered these files, as well as the petition and brief of the petitioner.

■ This Court has repeatedly held that the writ of habeas corpus is limited to cases in which the judgment and sentence is clearly void. Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840; Ex parte West, 62 Okl.Cr. 260, 71 P.2d 129; Ex parte Cartwright, 88 Okl.Cr. 206, 201 P.2d 935, and cases cited.

■ It is fundamental that where a petition for writ of habeas corpus is filed the burden is upon the petitioner to sustain the allegations thereof, and every presumption favors the regularity of the proceed-ings had in the trial court. The general rule, often announced by this Court, is that error must affirmatively appear from the record; it is never presumed. Ex parte Matthews, supra, Ex parte Cartwright, supra.

■ We have also often held that where a disputed question arises as to what occurred upon arraignment of one accused of crime, great weight will be given to the recitation in the minutes of the court proceedings as to what occurred. Ex parte Matthews, supra; Ex parte Cartwright, supra; Chotkey v. Raines, Okl.Cr., 370 P. 2d 32.

■ It should be kept in mind that the guilt or innocence of a convicted person is not a matter that may be inquired into by habeas corpus. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189; In re Application of Whatley, Okl.Cr., 308 P.2d 666. The only issue a petition for writ of habeas corpus presents is whether or not the petitioner is restrained of his liberty by due process of law; that is to say, whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had authority by law to render the particular judgment. In re Yoder, Okl.Cr., 298 P.2d 1083, and numerous other cases.

■ A review of the record before us compels the Court to hold that the district court of Cherokee County had jurisdiction of the petitioner, of the crimes charged, and did not exceed its jurisdiction in pronouncing the judgments and sentences in the two cases.

We conclude that the defendant was represented by able counsel chosen and provided by his family throughout his trial, and that no constitutional or statutory right of the defendant was violated.

The writ of habeas corpus is therefore denied.

NIX, P. J., and BUSSEY, J., concur.