KETCH CANARD AND JOE WHITMIRE v. STATE.

No. 182.    Opinion Filed July 27, 1909.

(103 Pac. 737.)

1.    **INDICTMENT AND INFORMATION—Information in Felony.** A felony may be prosecuted by information. For opinion of this court see **In re McNaught,** 1 Okla. Cr. 528, 99 Pac. 241, which is here approved.

2.    **SAME—Sufficiency.** In the prosecution of a defendant by information for a felony, it is not necessary that the information should allege that there was a preliminary hearing before a committing magistrate, or a waiver of the same, although such facts must exist in order to authorize the filing of such information.

3.    **SAME—Presumption in Favor of.** When the information is filed in court by the county attorney, the presumption of law is that it is legal; that the examination of the defendant has been had or waived.

4.    **SAME—Motion to Quash—Preliminary Examination.** Whether an examination has or has not been had is not a question of pleading, but a question of fact, to be raised by the defendant or not at his option, by a motion to quash, supported by affidavits.

(Syllabus by the Court.)

*Appeal from District Court, Muskogee County; John F. King, Judge.*

Ketch Canard and Joe Whitmire were convicted of forgery, and they appeal. Affirmed.

This is a prosecution by information, filed by the county attorney in the district court in Muskogee county, charging the plaintiffs in error (herein referred to as the defendants) with the crime of forgery. To this information the defendant interposed a demurrer. This demurrer was overruled. Trial was had, which resulted in a verdict of guilty. The defendants in due time filed motion for new trial, which was overruled, to which an exception was reserved, and the case is in this court on appeal.

*Cook & De Graffenreid,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.—On question of necessary allegations in information: *In re McNaught,* 1 Okla. Cr. 528; *State v. Farris,* 5 Idaho 666; *State of Washington v. Eben L. Boyce,* 24 Wash. 514; *Anderson v. State,* 5 Wash. 351; *People v. Shubrick,* 57 Cal. 565; *State v. Moore,* 2 Penn. (Del.) Rep. 299; *State v. Lewis,* 31 Wash. 515; *State v. Barnett,* 3 Kan. 250; *State v. Finley,* 6 Kan. 366; *Hicks v. People,* 10 Mich. 395; *Commonwealth v. Brennan,* 193 Pa. 567; *Miller v. United States,* 8 Okla. 315; *Wier et al. v. Allen et al.,* 47 Ia. 482; *Vickers v. People,* 31 Colo. 491; *People v. Connor,* 17 Cal. 384; *Keith v. Ter.,* 8 Okla. 307; *Fisher v. U. S.,* 1 Okla. 195; *Jones v. Territory,* 4 Okla. 45; 27 Cen. Dig.; Indictment and information, §§ 108-114; 22 Cyc. 234.

OWEN, JUDGE. (after stating the facts as above). Two questions are presented by the record in this case: First. Can a felony be prosecuted by information? Second. Is it necessary to allege, in an information charging a felony, that defendant has had a preliminary examination before a magistrate, or that such preliminary examination was waived?

The first question presented was settled by this court in the case of *In re McNaught,* 1 Okla. Cr. 528, 99 Pac. 241. The opinion in that case decides this question, and is approved here.

As to the second question, section 26, Bunn's Constitution of Oklahoma is as follows:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination."

Counsel for defendants urge with much force that the trial court acquires no jurisdiction of a felony charge prosecuted by information, unless the defendant has had a preliminary examining trial, or has waived the same, and that the information

must allege one or the other. We agree with counsel that there must be an examination or a waiver, but do not agree with their contention that it is necessary to plead this examination or waiver in order to give the court jurisdiction. We understand the rules governing prosecutions by information to be identical with those governing prosecutions by indictment. When the information is filed in court by the prosecuting attorney, the presumption of law is that it is legally done; that the examination of the defendant has been had or waived, and consequently the court has jurisdiction the same as when an indictment has been returned by a grand jury in open court. When an indictment is presented by a grand jury in open court, the presumption is that it is legally presented; that the jurors were properly summoned, legally qualified, and competent, and that the required number, at least, concurred in the finding. These facts, though essential to the lawful finding and presentment, are not necessary to be set forth in the indictment. *Washburn v. People,* 10 Mich. 372. Whether an examination has or has not been had is not a question of pleading, but a question of fact to be raised by the defendant or not at his option, which fact is always within the knowledge of the defendant. If he claims that this right or privilege has been denied to him, and will insist on his right to it, he can and should do so when he is arraigned on the information. The fact that a prisoner has not been given an examination before an examining magistrate before the filing of an information against him is a matter that may be properly pleaded in abatement, or by motion to quash, which is in the nature of a plea in abatement, founded on affidavits or such other proofs as the court may permit. If it were necessary to allege a preliminary hearing, it would be necessary to prove it. Would this not work prejudice to the defendant? Would not proof that the examining magistrate had believed the defendant guilty on examining trial influence the jury against him? Would it not put upon the defendant an additional burden to permit the prosecuting attorney to argue as a circumstance tending to establish defendant's guilt that the ex-

amining magistrate who held the examination immediately after the commission of the alleged crime believed the defendant guilty?

We find that the courts of Iowa, Delaware, Idaho, Michigan, Washington, Kansas and California have passed on the question at issue here under similar constitutional provisions and statutes, and have all held against the contention of counsel for defendant.

The Constitution of the state of Delaware (article 5, § 7) provides that prosecutions upon informations shall only be had after examination and commitment, and held to bail by a judge or justice of the peace. The Supreme Court of that state, in construing this provision of the Constitution, in the case of *State v. Moore*, 2 Pennewill (Del.) 299, 46 Atl. 669, held:

"It is not necessary, in order to give the court jurisdiction, to aver in the information an examination and commitment or holding to bail of the defendant. It is a matter of defense, and defendant may avail himself of the failure to proceed by examination and commitment or holding to bail by a plea in abatement."

Under the provisions of the Constitution and statutes of Idaho, before a defendant can be prosecuted for a criminal offense, such defendant must either have had a preliminary examination or have waived the same. The Supreme Court of that state in the case of *State v. Farris*, 5 Idaho, 666, 51 Pac. 772, in construing these provisions, held:

"We do not think the first objection is well taken. There is nothing in either the Constitution or the statutes which, directly or by implication, requires that the fact of there having been a preliminary examination should be set forth in the information."

The court in that case held, and we think properly, that an information filed without such preliminary examination or waiver thereof confers no jurisdiction upon the trial court.

In the state of Michigan the statute provides that:

"No information shall be filed against any person, for any offense, until such person shall have had a preliminary examination therefor, as provided by law before a justice of the peace, or other examining magistrate or officer, unless such person shall

waive his right to such examination." (Laws 1859, p. 393, No. 138, § 8.)

The Supreme Court, in construing this section in *Washburn v. People,* 10 Mich. 372, says:

"It is not doubted that a defendant * * * has a right to insist upon such examination before he can be put upon his trial, or called upon to answer the information. But the statute is express that he may waive his right; and we think he may waive it when called upon to plead to the information, as well as when brought before the magistrate for examination. It is not a matter which goes to the merits of the trial, but to the regularity of the previous proceedings. If he make no objection on the ground that such examination has not been had or waived, he must be understood to admit that it has been had, or that he has waived or now intends to waive it. If he intends to insist upon the want of the examination, we think he should, by plea in abatement, set up the fact that it has not been had, upon which the prosecuting attorney might take issue, or reply a waiver; or he must, upon a proper showing by affidavit, move to quash the information. The latter is the simpler course. The circuit court is a court of general criminal jurisdiction, and the proceeding by information instead of indictment is not, under this statute, an exceptional or special one, but the general mode provided for the prosecution of offenses. We can therefore see no more satisfactory reason for requiring this preliminary examination or its waiver to be set out in the information than for averring in an indictment that the grand jury was composed of at least 16 competent jurors, or that the indictment was found by at least 12, or any other fact essential to the constitution of a legal grand jury. We cannot think it necessary, on the trial for an offense, to prove the fact of such examination or waiver more than on the trial under indictment to prove the preliminary matters referred to. The same rule should apply to both. * * * If not necessary to be proved, it need not be alleged."

The Supreme Court of the state of Washington, in passing on this question in the case of *State v. Anderson,* 5 Wash. 350, 31 Pac. 969, held it was not necessary to allege that the accused had had a preliminary hearing, or that he had waived the same. The syllabus is as follows:

"In the prosecution of a defendant by information for a criminal offense it is not necessary that the information should allege that there was no grand jury in session, and that defendant had been committed on said charge by a magistrate, although such facts must exist in order to authorize the filing of an information."

This case was approved by the same court in the case of *State v. Boyce*, 24 Wash. 514, 64 Pac. 719, and again in the case of *State v. Lewis*, 31 Wash. 515, 72 Pac. 121.

In the state of Kansas the law provides:

"No information shall be filed against any person for any offense, until such person shall have had a preliminary examination therefor as provided by law * * * unless such person shall waive his right to such examination." (Laws 1864, p. 113, c. 64, § 8.)

The Supreme Court of that state, in the case of *State v. Barnctt*, 3 Kan. 250, 87 Am. Dec. 471, in construing that section of the law, says:

"A defendant not coming within the exceptions named in that act is entitled under it to a preliminary examination and may plead its omission, but it is not necessary that the information should allege such examination or waiver of it; that being a matter which goes, not to the merits of the trial, but to the regularity of the previous proceedings."

The same court, in the case of *State v. Finley*, 6 Kan. 366, in passing on this question, says:

"It is true that, before the county attorney is authorized to file an information in a criminal action in the district court, there must have been a preliminary examination, unless defendant has first waived such examination, * * * But it is not necessary that the information itself should show these facts. * * * All that is required of the information is that it charge the offense sufficiently, and show that it is prosecuted by the proper officer. If there had been in fact no preliminary examination in this case, and no sufficient cause existed for filing the information without a preliminary examination, the defendant should have raised the question in the court below, in a proper manner, as by a plea in abatement."

Before a prosecution by information for a felony can legally

be had in this state, it must be preceded by a preliminary exam-
ination before an examining magistrate, or the accused must have
waived such examination.    In the case at bar the information
is silent as to whether or not such preliminary examination was
had, or whether or not the same was waived by the defendants.
The question, having been raised by demurrer, depends upon mat-
ter apparent on the face of the information.    Under the pre-
sumption of law that when an information is filed by the prose-
cuting attorney of the county, it is legally done, and that the ex-
amination of the defendant has been had or waived, we must pre-
sume in this case that the defendants did have their preliminary
hearing, and that the trial court had jurisdiction.

Therefore we are of the opinion that the demurrer was prop-
erly overruled, and there was no error in the action of the court
in overruling the motion for new trial, which raised the same
question, and the judgment of the court below is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.

ON PETITION FOR REHEARING.

Denied September 10, 1909.

(103 Pac. 881.)

PER CURIAM.    The decision in this case, affirming the
judgment of the district court, was filed the 27th day of July, 1909.
On July 30, 1909, plaintiffs in error filed their petition asking
for a rehearing.    The reasons assigned in the petition are as fol-
lows:

"First.  Because the court erred in holding that the plain-
tiffs in error could be prosecuted for felony by information which
did not allege and affirmatively show that the plaintiffs in error
had previous to the filing of the information an examining trial
or waived such.

"Second.    Because the court erred in the opinion in hold-
ing that the district court had jurisdiction of the offense charged.

without showing that an examining trial or a waiver of such had been had.

"Third. Because the court erred in holding that it was not necessary to allege, in an information charging felony, that defendant had had a preliminary examination before a magistrate, or that such an examination had been waived."

Rule 9, adopted by this court July 1, 1909, with reference to petitions for rehearing, provides as follows:

"Such petition shall briefly state the grounds upon which counsel relies for a rehearing, and show either that some question decisive of the case and duly submitted by the counsel has been overlooked by the court, or that the decision is in conflict with an express statute or controlling decision, to which the attention of the court was not called, either in brief or oral argument, or which has been overlooked by the court, and the question, statute, or decision so overlooked must be distinctly and particularly set forth in the petition."

The petition filed in this case does not comply with this rule. There is no contention made that this court has overlooked any decisive question in this case, or that the decision is in conflict with an express statute or controlling decision to which the attention of the court was not called in brief or oral argument, and no contention that this court has overlooked any controlling decision or express statute, and no additional authorities have been called to the attention of the court on the questions raised in the original hearing.

The petition for rehearing will be denied.