## SAM FIFE v. STATE.

No. A-155.  Opinion Filed November 23, 1910.

COURTS—Jurisdiction—Offenses Antedating Statehood.  The courts of the State of Oklahoma have jurisdiction of offenses committed prior to statehood.

(Syllabus by the Court.)

*Appeal from District Court, Okmulgee County, John Caruthers, Judge.*

The defendant was convicted of the crime of assault with intent to kill and sentenced to seventeen months' confinement in the penitentiary, and appealed.  Affirmed.

*M. A. Holcomb* and *J. H. Clapp,* for plaintiff in error.
*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE.  The brief for the state correctly states the alleged errors relied upon and the law governing such questions as follows:

"The errors alleged and argued as causes for reversal are two, namely:

" '1st. That defendant was indicted by a grand jury composed of only twelve men, any nine of whom concurring could return an indictment, when under the laws in force at the time of the commission of said crime, if any, a lawful grand jury was composed of sixteen men, any twelve of whom could return an indictment.  And that the grand jury had no jurisdiction to return this indictment.

" '2nd.  That the accused had the right to be tried by a petit jury of twelve men who had no right to return other than a unanimous verdict.'

"The questions herein presented have already been decided by the Supreme Court of this state and also by your Honorable Court adversely to the contentions of counsel for defendant, and it is only necessary to cite those cases in this brief.

"As to the jurisdiction of the District Court of Okmulgee

County, we cite: *Higgins v. Brown, Judge,* 1 Okla. Cr. 33, 94 Pac. 703, and other cases there cited.

"As to the question of the sufficiency and legality of an indictment returned by grand jury only of twelve men for crimes committed prior to statehood in the old Indian Territory, we cite: *John Hopkins v. State, (infra)* ; *Canard v. State,* 2 Okla. 505, 103 Pac. 737.

"The indictment in this case is endorsed 'true bill, H. S. Brown, foreman.' (See record). As to the second contention the record shows that the verdict of the petit jury is signed by the foreman and the presumption is in favor of its regularity and that it is an unanimous verdict. There is nothing in this record to show that the court instructed the jury that less than the entire twelve could return a verdict, and there is nothing to show that less than the twelve concurred in the verdict returned. This record does not disclose that the defendant was deprived of the number of peremptory challenges to which he would have been entitled prior to statehood or of any other right that this court has held to be a substantial right."

Counsel for appellant then contends that the verdict is contrary to the evidence. An examination of the record will show that the testimony offered on behalf of the state tended to establish an unprovoked attempt at assassination on the part of the defendant. The evidence for the defendant tends to show that he acted only in self-defense. The witnesses were before the jury and they were in a much better position to determine as to which testimony was credible than are the members of this court.

The judgment of the trial court is affirmed, with directions that it be amended so as to provide for the confinement of the defendant in the state penitentiary at McAlester.

DOYLE and RICHARDSON, JUDGES, concur.