## W. T. HENSLEY *et al.* v. STATE.

No. A-2731.    Opinion Filed April 8, 1919.

(179 Pac. 788.)

1.    **INDICTMENT AND INFORMATION—Grand Larceny—Preliminary Examinations.** H. & C., prior to the act making the stealing of fowls a felony became effective, were complained against for stealing hens of the value of $10, and upon their examining trial it was adjudged that the evidence disclosed the guilt of the defendants as charged in the complaint and they were held to answer the offense charged in the said complaint, and transcript of the committing magistrate filed in the district court certified that the defendants were held to answer for the offense charged in the complaint. An information was filed in the case charging grand larceny, alleging that the value of the hens was $22 and, prior to the defendants entering a plea to the merits of the case, they filed a motion to quash the information because they had not had a preliminary examination for a felony, and had not waived such preliminary examination, which motion the trial court overruled. **Held,** that the defendants' preliminary examination or commitment was for a misdemeanor, that no preliminary examination or commitment for a felony was had or waived, and therefore the trial court was without jurisdiction and should have quashed the information for grand larceny.

2.    **INDICTMENT AND INFORMATION—Want of Preliminary Examination—Motion to Quash—Plea of Abatement.** The proper procedure to attack an information for a felony, on the ground that the defendant had not had a preliminary examination and had not waived the same, is by motion to quash the information, to set aside the information, or by a plea in abatement, and such motion must be made or pleaded prior to the defendants' pleading to the merits of the case, or such motion or plea comes too late.

*Appeal from District Court, Cleveland County;*

*F. B. Swank, Judge.*

W. T. Hensley and A. R. Croxton were convicted of grand larceny, and they appeal. Reversed and remanded.

*Charles H. Ruth,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiffs in error, W. T. Hensley and A. R. Croxton, hereinafter designated defendants, were by information prosecuted for the offense of grand larceny, committed, and each sentenced to be imprisoned in the state penitentiary at McAlester for a term of one year and a day, and to pay the costs of the prosecution. To reverse the judgment rendered, they jointly prosecute this appeal.

The complaint in this case charges the larceny of hens of the value of $10, a misdemeanor. The act of the Legislature approved February 27, 1915, declaring stealing domestic fowls in the nighttime and from the messuage or the premises on which the dwelling house is situated a felony, did not become the law until 90 days after the 23d day of March, 1915, the day the Legislature enacting the law adjourned *sine die.* Said act, not carrying the emergency clause, had no field of operation in this case, the alleged offense having occurred prior to the act becoming a law.

The information in this case sufficiently jointly charges the defendants with the offense of grand larceny, stealing hens of the value of $22.

Before entering their pleas of not guilty, the defendants made the following motion:

"Comes now the defendants and each of them and moves the court to quash the warrant and information herein filed, for the reason that no preliminary trial was had upon the charge laid in the information, and said preliminary trial was not waived."

"The court overruled the motion, and the defendants excepted.

The complaint in this case is as follows:

"State of Oklahoma, Cleveland County—ss.:

"Complaint—In Justice Court.

"J. D. Grigsby, of lawful age being duly sworn, on oath says, that Richard Roe and John Doe, whose true names are unknown, on the —— day of May, 1915, in the county of Cleveland, in the state of Oklahoma, then and there being did then and there unlawfully, willfully, maliciously and feloniously, fraudulently and stealthily take and steal and carry away from out of the possession of one W. O. Jack, chickens of the value of $10, the corporeal personal property of the said W. O. Jack, said chickens being taken by them, the said Richard Roe and John Doe, whose true names are unknown without the knowledge and consent of him, the said W. O. Jack, and with the felonious purpose and intent to convert the said chickens to the use and benefit of them, the said Richard Roe and John Doe, and to deprive the said W. O. Jack of his property therein, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the state of Oklahoma.

"J. D. Grigsby, *County Attorney.*

"Subscribed and sworn to before me this 21st day of May, 1915.

"Joe Daniels, *Justice of the Peace.*

"No.———

The transcript of the preliminary trial given the defendants, filed in the district court in this case, is as follows:

"In the Justice Court before Joe Daniels, Justice of the Peace, in and for the City of Norman, Cleveland County, State of Oklahoma.

"State of Oklahoma, Plaintiff, v. W. T. Hensley and A. R. Croxton, Defendants.

"Transcript of Preliminary Trial.

"Now on this 25th day of May, 1915, at the hour of 10 o'clock a. m., the above-entitled cause came on for a hearing, the state of Oklahoma appearing by J. D. Grigsby, county attorney of Cleveland county, state of Oklahoma, and defendants appearing in person and by their attorney, John Jennings, and each side announced ready for trial, the witnesses both for the state and for the defendants were called and sworn, and the witnesses for the state having been placed upon the stand testified, after which the state rested, and the defendants failing to produce any testimony, the attorneys for the state and defendants waiving any argument, submitted the matter to the court for decision. And the court having heard the testimony of witnesses for the state and being fully advised in the premises, finds from the testimony produced that the offense as alleged in the complaint has been committed and further finds that there is probable grounds for believing that the defendants committed the offense as charged in the complaint. It is therefore considered, ordered, and adjudged by the court that the said defendants be held to await the action of the district court of Cleveland county, state of Oklahoma, and to answer in said district court an information, and their bonds are fixed at the sum of $500.00 each, and upon their failure to give such bonds, that they be committed to the county jail of Cleveland county, state of Oklahoma.

"JOE DANIELS, *Justice of the Peace.*

"State of Oklahoma, County of Cleveland—ss:

"I, Joe Daniels, justice of the peace in and for the city of Norman, Cleveland county, state of Oklahoma, do hereby certify that the above and foregoing is a true and correct transcript of the proceedings had before me in the preliminary trial of the above-named defendants, as the same appears of record in my office.

"JOE DANIELS, *Justice of the Peace.*

"Filed in the district court, Cieveland county, Oklahoma, May 26, 1915.

"JIM STOGNER, *Clerk.*"

The complaint in this case charges the larceny of hens of the value of $10, a misdemeanor. The act of the Legislature, approved February 27, 1915 (Laws 1915, c. 55), declaring stealing domestic fowls in the nighttime and from the messuage or premises upon which the dwelling house of another is situated, a felony, did not become the law until 90 days after the 23d day of March, 1915, the day the Legislature enacting the law adjourned *sine die*. Said act, not carrying an emergency clause, had no field of operation in this case, the alleged offense having occurred prior to such act becoming a law.

The transcript of the committing magistrate, filed in the district court in this case, shows that he "finds from the testimony produced that the offense alleged in the information has been committed as charged therein,". and further finds that "there is probable ground for believing that the defendants committed the offense as charged in the complaint," and adjudged "that the defendants be held to await the action of the district court of Cleveland county."

It therefore appears from the transcript of the committing magistrate filed in this case that the defendants were held to answer for a misdemeanor, and the information in this case charges felony, for which the defendants had not had a preliminary examination.

The motion to quash the information because no preliminary examination for a felony had been had or waived. was the proper procedure to attack the validity of the information.

"Whether an examination has or has not been held is not a question of pleading, but a question of fact, to be raised by the defendant or not at his option, by a motion to quash, supported by affidavits." (*Ketch Canard v. State*, 2 Okla. Cr. 505, 103 Pac. 737, 139 Am. St. Rep. 949).

Of course, where, as in the instant case, the record in a felony case shows that a preliminary trial for a felony has not been had or waived, it is not necessary to attach affidavits in support of a motion to quash the information on such ground.

Where the defendant relies on want of preliminary, he should raise the question by motion to quash or plea in abatement, before pleading to the merits. *Robbins v. State,* 12 Okla. Cr. 294, 155 Pac. 491.

The motion to quash the information in the instant case was made by the defendants prior to their entering a plea to the merits of the case, and was therefore timely made. *Gourley v. State,* 8 Okla. Cr. 598, 129 Pac. 648.

Section 17, art. 2, of the Constitution of this state, provides:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination."

In *J. L. Norwood v. State,* 14 Okla. Cr. 637, 169 Pac. 656, it is held:

"That under the constitutional provision the precedent fact that a preliminary examination has been had or waived constitutes a jurisdictional basis for a prosecution on information in the district court. It is the fact there was a preliminary examination, or a waiver thereof, * * * by the examining magistrate, that a felony has been committed, and that there is probable cause to believe that the defendant is guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant."

The record disloses that the preliminary information in this case charged larceny of hens of the value of $10, and that the committing magistrate adjudged that the evidence disclosed the guilt of the defendants as charged in the preliminary information, and held the defendants to the district court to answer accordingly; and hence the record discloses that the preliminary trial was for, and the defendants held to answer, a misdemeanor, and the county attorney was without authority to file in the district court the felony information filed in this case, and the trial court committed reversible error in overruling the motion to quash the said information.

As the fundamental error pointed out necessitates a reversal of the judgment rendered in this case, we deem it unnecessary to consider the several other errors assigned.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE, P. J., and MATSON, J., concur.