# RAYMOND COOPER v. STATE.

No. A-4908. Opinion Filed July 18, 1925.

(238 Pac. 503.)

218

Ross Rizley and H. E. G. Putman, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below.

From a conviction on a charge of rape in the second degree, defendant appeals. The record discloses that in the month of December, 1920, the prosecutrix, Berta Noel, was 15 years of age, attending the Guymon high school as a first year pupil. During that month she met the defendant on two or three occasions when he came where she boarded to call on her. On the 20th of December he met her at the post office, and persuaded her to go to the town of Hooker with him. On that afternoon gave her $5 for railroad fare and expenses, and they did go on the same train to the town of Hooker. He accompanied her to a rooming house there, where the prosecutrix registered, was assigned a room on the first floor, and defendant had a room on the second floor. Later the defendant took prosecutrix to the second floor, introduced her to a woman who had a room on that floor, where she stayed some time. He then took the prosecutrix to a cafe where he worked, where they had supper together, and on returning to the hotel took her by the back stairs to his room, where an act of sexual intercourse was accomplished. They then called on some friends of his in the town, and later returned to the hotel, and two or three acts of sexual intercourse were accomplished in a room on the first floor. Some time dur-

ing the night the prosecutrix returned by train to Guymon. After that the defendant met her on one or two occasions, when acts of intercourse took place. The prosecutrix became pregnant and gave birth to a child on the 15th of September, following. Her testimony is that the defendant agreed if she got into trouble he would marry her. This was corroborated by proof of statements made by the defendant. The defendant did not take the stand, and there is no contradiction of the fact of the acts of intercourse as detailed.

Three assignments of error are presented and argued in the brief of defendant: First, that the court erred in overruling the motion to quash the information; second, error in the court's instruction No. 4; third, error in the court's instruction No. 5. These assignments will be considered in the order presented.

The case-made contains what purports to be a motion to quash the information on the ground that no verified complaint had been filed before a committing magistrate; that no preliminary hearing had been had or waived as provided by law; that there was a fatal variance between the original complaint before the committing magistrate and the information. Attached to the motion to quash is a copy of the original complaint and the transcript of the justice of the peace. The preliminary complaint and the information are substantially in the same language. The complaint is verified before a justice of the peace, who attaches his undated jurat. Also, there is attached a transcript of the committing magistrate in part in this language:

"* * * Now, on this 7th day of March, 1923, this case came on for preliminary, and after the court had heard the evidence, bound the defendant, Raymond Cooper, to answer in the district court at the next regular session in the sum of $3,000. * * *"

It is contended that, under section 2497, Comp. St. 1921, the transcript is insufficient to give the district court jurisdiction; that the committing magistrate did not find that any offense has been committed, citing Norwood v. State, 14 Okla. Cr. 637, 169 P. 656; Canard v. State, 2 Okla. Cr. 505, 103 P. 737, 881, 139 Am. St. Rep. 949; Williams v. State, 6 Okla. Cr. 373, 118 P. 1106; People v. Wallace, 94 Cal. 497, 29 P. 950; People v. Wilson, 93 Cal. 377, 28 P. 1061.

In the record before us, however, it appears that a preliminary before a committing magistrate was had; the defendant held to the action of the district court and a transcript signed by the justice of the peace, filed in the district court. Even should this court hold that the transcript is insufficient, the defendant cannot avail himself of the objection in this case at this time, for the reason that the record before us does not disclose that the motion to quash was ever called to the attention of the trial court, or that any evidence in support of it was offered, or that the trial court ever acted upon it, or that any exception was taken by the defendant. The record does show that an information was filed in the district court charging the same offense as that charged in the preliminary complaint, that the case was called for trial on the information, and that both the state and the defendant announced ready for trial. This was a waiver of the objections raised by the motion to quash. There is nothing in this assignment for this court to review.

The second assignment is directed at the court's instruction No. 4, as follows:

"If you believe from the evidence, facts, and circumstances in this case beyond a reasonable doubt that on or about the 20th day of December, 1920, and in said Texas county, the said defendant accomplished an act of sexual intercourse with the prosecuting witness; that the said prosecuting witness was not at said time the wife of said

defendant, but was at said time under the age of 16 years, then your verdict should be that the defendant is guilty of rape in the second degree; otherwise you should acquit him."

The undisputed evidence shows that several acts of intercourse were accomplished between the defendant and the prosecutrix covering a period of some three or four weeks' time. The defendant did not request the court to require an election of which particular act it would rely for a conviction, and the court did not require an election.

It is well settled that in a prosecution for statutory rape, where there is evidence of more than one act of sexual intercourse between the defendant and prosecutrix upon which a conviction could be had, it is the duty of the trial court, upon motion, to require the state to elect upon which of the several acts it intends to rely for a conviction. If no motion is made to require the state to elect, the trial court, of its own motion, should require the prosecution to elect upon which of said acts it will rely, or should treat the act of which the state first introduced evidence which tends in any degree to prove the offense as an election, and should by proper instruction limit the jury to a consideration of such particular act as a basis for conviction, and limit the consideration of other acts as corroboration and as showing the relation of the parties. Montour v. State, 11 Okla. Cr. 376, 145 P. 811; Gracy v. State, 13 Okla. Cr. 643, 166 P. 442; Smith v. State, 20 Okla. Cr. 124, 201 P. 663; Pope v. State, 24 Okla. Cr. 213, 217 P. 498.

The holdings of this court in the authorities cited may be summarized by saying that a person may be tried for and convicted for only one offense at a time; that rape is not a continuous offense, and while in a trial upon a charge for rape proof of other acts of intercourse may be proven for the purpose of corroboration, and as showing the intimate relation between the parties, a conviction must be based on one act. Here, the defendant was not

tried with reference to any particular act, the prosecution was not required to elect any particular act, and the court did not treat the first act proven as an election. The instruction above quoted permitted the jury to convict upon any act of intercourse committed "on or about the 20th day of December, 1920." All of the acts committed, as shown by the evidence, were committed "on or about the 20th day of December." It is plain that it cannot be determined from the record upon which particular act of intercourse the conviction is based. The failure of the court to require an election, or to treat the first act proved an election, and in giving the instruction complained of, the conviction may have been based upon any of the acts proven. The error is reversible.

The third assignment is directed at the court's instruction No. 5, which is to the effect that the jury are the sole judges of the credibility of the witnesses and the weight and value to be given their testimony. This instruction is somewhat involved and not to be commended, but does not constitute error.

For the reasons assigned, the case is reversed.

BESSEY, P. J., and DOYLE, J., concur.