Toby Alanzo DUGAN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12933.

Court of Criminal Appeals of Oklahoma.

March 22, 1961.

Earl Truesdell, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Toby Alanza Dugan, defendant below, was charged by information in the district court of Tulsa

County, Oklahoma, with the crime of lewd molestation of a female child about eleven years of age, on August 8, 1959, in said county and state, by lewdly and lasciviously looking upon, touching, mauling and feeling of the private parts of said child in an indecent manner in relation to sex matters, in violation of 21 O.S.1951 § 1123. He was tried by a jury, convicted and his punishment fixed by the jury at three years in the penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

At the trial the State offered proof, not only on the offense of August 8, 1959, but on seven other acts. The defendant admitted some of the other acts, but not the one alleged in the information as of August 8, 1959.

The defendant's principal contention, which alone merits consideration, is that the trial court erred in not requiring the State to elect as to which of the several offenses proven the defendant was being tried on, or, in the alternative, in not instructing the jury that it should treat the first offense on which proof was presented as the offense upon which a conviction was sought.

We have examined the trial court's instruction on this question, and find the only instruction bearing on the question is as follows:

"No. 1. The exact time the offense is alleged to have been committed is immaterial, except that it be within three years anterior to the filing of the information in this case. Proof of the commission of the offense at any time within three years anterior to November 6, 1959 is sufficient as to time." [The date of November 6, 1959 being the date the information was filed.]

It is apparent that this instruction not only did not limit the act upon which conviction could be based as to one offense, but affirmatively said the time the alleged offense was committed was immaterial, thereby opening the door to the jury and inviting it to find the defendant guilty of any act on any date proven and occurring within three years preceding November 6, 1959 and not just the one alleged.

The vice of this instruction becomes more apparent in light of the defendant's testimony, in some degree corroborated by another witness, to the effect that he personally placed the prosecutrix on the bus the day of August 8, 1959 and sent her to visit her uncle in Bluejacket, Oklahoma, from which trip she did not return until Wednesday of the following week. Hence, if such were true, she could not have been in her room on the night of August 8, 1959 in Tulsa, the time the offense alleged in the information was supposed to have been committed. But under the court's instruction that date was not material, and the jury could believe the defendant, and ignore the offense alleged in the information and convict the defendant of the other offenses admitted by him, in both his testimony and his signed confession.

The object in limiting the conviction to the offense as alleged in the information is to guarantee the constitutional right to "be tried for and convicted for only one offense at a time." McManus v. State, 50 Okl.Cr. 354, 297 P. 830, 831, in which the court said, and "he has a right to a verdict in which all the jurors concur upon the same criminal act or transaction." And see Cooper v. State, 31 Okl.Cr. 217, 238 P. 503; Louis v. State, 92 Okl.Cr. 156, 222 P.2d 160, and cases therein cited. Such is the situation at bar. The trial court's instruction No. 1 places the case in the realm of speculative justice, as to which of the acts proven was the one upon which he was actually tried, and possibly not the act of August 8, 1959, alleged in the information.

There is another reason why the court's instruction was fundamentally erroneous. The reason the court should require an election where proof is offered on several acts other than the one alleged, or at least designate the first on which proof as offered tends to establish the basis for conviction is to enable the defendant to plead in bar as to any subsequent prosecution for

the offense on which he was actually convicted. Under this record and the conditions here, it would be difficult to determine whether the act of August 8, 1959 could be pleaded in bar. Smith v. State, 20 Okl.Cr. 124, 201 P. 663.

The trial court should have instructed the jury substantially as follows:

You are instructed that the State has offered evidence to establish more than one act of lewdly looking upon, touching, mauling or feeling of the body and person of Arthenia Joe Rainwater, which acts occurred at times other than the act of August 8, 1959, as alleged in the information. In this regard you are instructed that the State has not elected as to which of said acts it relies upon as a basis of conviction, nor has the defendant moved to require such an election. Under such conditions, it is the duty of the court to inform you that an accused can only be tried for one offense at a time, and that for the offense alleged in the information. You can not consider as a basis for conviction other acts either separately or together, but since the State has made no election as to which of said acts it relies upon for conviction, you are instructed you shall consider the act of August 8, 1959 as alleged, the first act upon which competent proof has been offered by the State as the basis for a conviction. In this connection, you are further instructed that unless you find beyond a reasonable doubt that the said act of August 8, 1959 occurred as alleged in the information, you must acquit the defendant of the offense as charged, regardless of the proof of other acts occurring at other times than the one alleged in the information.

You are further instructed in this regard that in determining the defendant's guilt or innocence of the act of August 8, 1959, you may consider the other acts occurring at the other times, if proven to your satisfaction beyond a reasonable doubt, for the purpose of corroborating the testimony of the prosecutrix relative to the act of August 8, 1959; and further for the purpose of showing the relationship of the parties, and said other acts shall be considered by you for such limited evidentiary purposes only, and may not be considered, either separately or together, as a basis for conviction.

If, after consideration of the evidence as to the act of August 8, 1959 and the evidence of other acts for the purpose of corroboration and for the further purpose of showing the relation of the parties, you are convinced beyond a reasonable doubt that the defendant did commit the act of August 8, 1959, your verdict should be in favor of the State and against the defendant. On the other hand, if you entertain a reasonable doubt of the defendant's guilt as to the act of August 8, 1959, you should acquit the defendant.

No such instruction being given, but instead the foregoing erroneous instruction No. 1, the failure so to do constitutes fundamental and reversible error. It has been held that even a substantial compliance with this requirement of the law would have been sufficient. Moorehead v. State, 38 Okl.Cr. 328, 261 P. 231.

The case is accordingly reversed and remanded in conformity with the principle herein announced.

NIX, P. J., and BUSSEY, J., concur.