Perry Edward HUDSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13433.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1965.

Thomas Dee Frasier, Frank A. Greer, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., David Hall, Tulsa County Atty., Thomas S. Crewson, Asst. Tulsa County Atty., Tulsa, for defendant in error.

BUSSEY, Presiding Judge.

Perry Edward Hudson, hereinafter referred to as defendant, was charged with Rape in the First Degree in the District Court of Tulsa County. He was tried by jury who found him guilty of the included offense of Rape in the Second Degree and assessed his punishment at fifteen years in the State Penitentiary. Judgment and sentence was pronounced in accordance with the verdict of the jury, and he appeals.

On appeal he urges three assignments of error.

It is first contended that the County Attorney committed reversible error in the following instances: After the defendant had testified that on the night in question he did not have a state drivers license (because it had been revoked as a result of a wreck) he was then asked if he had been charged with any crime as a result of that wreck. To which question the defendant objected and the court sustained that objection and admonished the jury to disregard it.

Thereafter, the Assistant County Attorney asked if the defendant had ever been convicted of a crime, to which the defendant objected and the same was overruled. The Assistant County Attorney then asked the defendant if he had not been charged with Resisting Arrest on the 3rd day of November, 1957, and the defendant again objected to the form of the question. The court sustained the objection and admonished the jury to disregard the same and advised the Assistant County Attorney that he did not wish to hear a question in that form again.

Thereafter, the defendant was asked what crimes he had been convicted of and he answered that he had been convicted of Burglary in the Second Degree.

The defendant was then asked where he had sustained the conviction, which question was objected to by the defendant and the court sustained the objection. The prosecutor repeated the question and the court sustained the defendant's objection but denied his motion for mistrial. The defendant was then asked if it was not a fact that on the 15th day of December, 1960, he had been convicted of Reckless Driving in Fairfax, Oklahoma, to which the defendant objected and the objection was overruled by the court.

The defendant then admitted on cross examination that he had been convicted of the crime of Reckless Driving in Pawhuska, Oklahoma, but stated that he could not remember whether or not he had been convicted of Disturbing the Peace in Fairfax, Oklahoma. He denied having been convicted of Assault and Battery in Fairfax, Oklahoma.

It is urged by the defendant that it is improper to ask a defendant witness whether he has been arrested, imprisoned, or indicted for any offense whatever before conviction, and the state concedes that this practice is error, but it is the state's position that on the three occasions when the Assistant County Attorney inquired of the defendant whether he had been charged with the offense of Reckless Driving and Resisting Arrest, these errors were corrected by the prompt action of the court in sustaining the objection to the form of the question and admonishing the jury to disregard them.

Under the facts here presented it is readily apparent that the Assistant County Attorney, either through inadvertence or inexperience, improperly phrased his question. After the court had advised the Assistant County Attorney that he did not wish to hear a question in that form again, the Assistant County Attorney properly phrased the question and the defendant admitted convictions for Reckless Driving, Burglary in the Second Degree and Resisting Arrest. Moreover, it appears that the Assistant County Attorney, although improperly phrasing his question, was acting in good faith as reflected from the record appearing in the casemade.

"THE COURT: * * * and I will inquire of counsel, now outside the presence of the jury, if he has investigated his records to ascertain whether or not these questions are being asked in good faith.

"MR. CREWSON: Yes, sir, I have, I have consulted with Mr. Pat Williams, Assistant County Attorney at Pawhuska, Oklahoma, also with the County Attorney at Fairfax, Oklahoma, they prosecuted Mr. Hudson on these charges. Mr. Williams himself participated and filed charges and assured me that these were correct, and provided me with this information."

Title 12 O.S. § 381 provides:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

We are of the opinion and therefore hold that where, as in the instant case a prosecutor acting in good faith improperly

phrases his questions and inquires of a witness whether he has been previously charged with the commission of a crime, and the court promptly sustains defendant's objections to such questions and admonishes the jury to disregard them, and thereafter, in response to questions properly phrased the witness admits previous convictions of crime, the error is cured and will not constitute a basis for reversal.

Under defendant's first assignment of error it is further contended that the prosecutor improperly exhibited to the jury an alleged police record or "rap sheet" and referred to this improper exhibit while questioning the Defendant concerning these previous "arrests". This assignment of error is not supported by the record for from the casemade appearing at Pages 426 and 427 the following appears:

"MR. FRASIER: Comes now the defendant * * * and objects to the County Attorney obviously sitting there, going down a prepared rap sheet in the presence of the jury; * * * *

"THE COURT: Come up here. I think the record should show that is no rap sheet, as has been described by defense counsel, in view of the jury at this time, though he is reading from a yellow legal pad, which has certain writing thereon, at a distance of approximately seven feet from the jury, with the back of the pad facing the jury, * * * *"

We deem it unnecessary to consider this assignment of error since it is not supported by the record.

Since the defendant's second contention is addressed to the sufficiency of the evidence, it will be necessary to set forth the evidence as adduced from the record.

The testimony introduced on behalf of the state was in substance that on the evening of April 16, 1963, Joyce Thompson, age fourteen, prosecutrix, with her parents consent, accompanied Mrs. Ann Wood and her teen age daughter in the Wood's family pickup to Cotton's Drive-In in Tulsa County, Oklahoma. That they parked their pickup and upon returning to it at approximately midnight they discovered a flat tire, and that because they lacked a lug wrench with which to remove said tire they sought the assistance of the defendant, Perry Edward Hudson, and his two companions, Leon Eldridge and Dennis Romine. The defendant offered to assist them and asserting that it would be necessary to secure a lug wrench from a service station, persuaded the three women to accompany him and his companions to the service station to procure the tire tool, but instead of driving there he drove to Mohawk Park, where, after he had made indecent advances toward Mrs. Wood, he ordered the girls out of the car. Mrs. Wood instructed the girls to run. Her daughter, LaDonna Wood, escaped and reported the incident to the police who conducted an unsuccessful search for the car. The prosecutrix was separated from LaDonna and returned to the car.

The prosecutrix and Mrs. Wood were driven by the defendant to the end of the 75 Highway Beeline then under construction in Tulsa County where he forced them to remove their clothing and he criminally assaulted the prosecutrix while Mrs. Wood was forced to have intercourse with his companion, Dennis Romine.

The two women were then forced to accompany the defendant and his companions to his apartment in Osage County, Oklahoma, where the prosecutrix was criminally assaulted by the defendant and his companions and where Mrs. Wood was again sexually assaulted.

The women were then driven by Leon Eldridge into Tulsa County where the car was intercepted by the police.

On the following day prosecutrix was examined by Dr. Roberta Holland, the family physician, who testified that there had been penetration of the prosecutrix' vaginal vault by some foreign object which caused a stretching and swelling of the vagina. She further stated that this area was tender and had been stretched and

that probably it was the first time that a foreign object had penetrated the area.

The defendant, a 23 year old married man, admitted having sexual relations with Mrs. Wood, but stated that they were voluntary. He denied having sexual relations with the prosecuting witness.

The cases of Cambron v. State, 86 Okl. Cr. 437, 193 P.2d 888 and Weston v. State, 77 Okl.Cr. 51, 138 P.2d 553 relied on by the defendant for reversal have no application in the instant case. In both Cambron and Weston the testimony of the prosecuting witness was contradictory, uncertain and improbable and not supported by corroborating evidence.

In the instant case the testimony of the prosecuting witness was not improbable, uncertain or contradictory. Moreover, it was corroborated by that of Mrs. Wood, LaDonna Wood and Dr. Roberta Holland, and although the testimony of the defendant was in sharp conflict with the testimony offered on behalf of the state, it presented a question of fact for the jury's determination. The jury elected to believe the testimony of the prosecutrix that the defendant had sexual intercourse with her on the night in question in Tulsa County, but apparently did not believe that the act was accomplished against her will by the use of force overcoming her resistance and found the defendant guilty of the included offense of Rape in the Second Degree fixing his punishment in their verdict at fifteen years imprisonment in the State Penitentiary.

Under such circumstances we follow the well established rule that the jury is the exclusive judge of the weight of the evidence and credit to be given to the witnesses. Where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the jury's determination will not be interfered with upon the ground that the evidence is insufficient to sustain a conviction, where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty.

This leads us to a consideration of the defendant's last assignment of error. The defendant contends that when the state offered proof of more than one act of sexual intercourse between the prosecutrix and defendant, and no election was made by the state as to which act they relied upon for conviction, it then became the duty of the trial court of its own motion to require the state to elect upon which specific act the state relied for conviction or treat first act as an election and instruct jury to limit its consideration to such act and consider other acts as corroboration.

The defendant relies upon Cody v. State, Okl.Cr., 361 P.2d 307, 84 A.L.R.2d 997; Dugan v. State, Okl.Cr., 360 P.2d 833; Cooper v. State, 31 Okl.Cr. 217, 238 P. 503; Louis v. State, 92 Okl.Cr. 156, 222 P.2d 160, and Kilpatrick v. State, 71 Okl.Cr. 129, 109 P.2d 516.

The case at bar is readily distinguishable from those cases wherein this court reversed and remanded for a failure of the trial court to require the County Attorney to elect upon which specific act the state relied for conviction or failing to treat the first act as an election and failing to instruct jury to limit its consideration to such act. For in the instant case in the trial court's Instruction #14 the court properly instructed the jury that to find the defendant guilty of the crime alleged, they must find beyond a reasonable doubt that an act of sexual intercourse occurred in Tulsa County. In the instant case under the evidence here presented, the evidence introduced on behalf of the state tended to establish that only one act of sexual intercourse occurred in Tulsa County between the defendant and prosecuting witness.

It is clear that the jury was instructed upon which act the state relied for conviction. However, before disposing of this assignment of error we must determine whether or not the trial court properly limited the jury in their consideration of the evidence tending to establish that an act of sexual intercourse occurred between the defendant and the prosecutrix in

Osage County. The trial court instructed the jury on this matter in Instruction #10 in the following language:

"You are instructed that evidence of other crimes of a precisely similar nature to that charged in the information in this case, and not connected with it, are not admissible to prove the commission of the act involved in this specific charge, but they are given to you for the limited and specific purpose of aiding you in determining the quality of the act, and the legal character of the offense charged by illustrating the intent with which the act was committed.

"That evidence of the commission of other and similar acts is only to be considered for the purpose of showing the probability of the act charged but that such evidence in and of itself is insufficient to prove the charge contained in the information in this case; and unless you find from the evidence in this case beyond a reasonable doubt, exclusive of the evidence tending to show the commission of other crimes that the defendant committed the crime charged in the information in this case, then you shall not consider the evidence of other crimes for any purpose whatsoever.

"GIVEN &
Excepted to by the Defendant.
(Sgd) Robert D. Simms
Judge of the District Court."

██ "The general rule is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible.

"Evidence of other crimes in order to be admissible must come within one of the well-recognized exceptions to the rule. That it tends to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and, (5) The identity of a person charged with the commission of the crime on trial." See Roulston v. State, Okl.Cr., 307 P.2d 861 and cases cited therein.

We are unable to determine precisely what the trial judge intended to convey to the jury in Instruction #10, supra, when he stated, "are given to you for the limited and specific purpose of aiding you in determining the quality of the act and the legal character of the offense charged by illustrating the intent with which the act was committed."

This language, rather than aiding the jury, probably only served to confuse them as to the precise purpose for which such evidence was admitted for their consideration. If it was the intention of the trial court to limit the jury's consideration of such evidence as it may or may not have aided them in determining what intent, if any, the defendant had, he should have so instructed them. The trial court did instruct the jury that unless they found from the evidence in this case beyond a reasonable doubt, exclusive of the evidence tending to show the commission of other crimes that the defendant committed the crime charged in the information in this case, then they should not consider the evidence of other crimes for any purpose whatsoever, but unquestionably such evidence caused the jury to impose the maximum punishment which could be assessed for the offense.

██ We are of the opinion, and therefore hold, that the court's Instruction #10 was erroneous in part and should not be given in future cases,[1] but we are of the

1. For approved instructions see Smith v. State, 78 Okl.Cr. 375, 148 P.2d 994, Jones v. State, 69 Okl.Cr. 244, 101 P.2d 860, McCluskey v. State, Okl.Cr., 372 P.2d 623.

further opinion that the evidence of the defendant's guilt is clear and convincing and that in furtherance of justice, the sentence of 15 years imprisonment in the State Penitentiary should be modified to a term of 7 years in the State Penitentiary, and as so modified affirmed.

NIX. and BRETT, JJ., concur.