**E. Dale COVERT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13577.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1965.

Howard, Larkin & Harlton, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

E. Dale Covert was charged, tried and convicted in the District Court of Tulsa County for the offense of Defrauding an Innkeeper, and appeals.

On the trial, evidence adduced by the State established that on the 17th day of January, 1964, E. Dale Covert registered with the Ramada Inn in Room No. 150. At the time of his registration, Mr. Covert gave his correct name and address in Tulsa, Oklahoma. He thereafter left the premises without paying for said room and other accommodations.

Mr. O. B. Taylor, manager of the Ramada Inn, identified the defendant as being the same E. Dale Covert who had cashed a check at the Ramada Inn on the 18th day of January, 1964, for which he received in cash the sum of $96.45. This check was admitted into evidence over the objections of the defendant.

Mr. O. B. Taylor testified that the defendant did not have a charge account with Ramada Inn. The defendant readily admitted checking into the Ramada Inn on the date in question and produced evidence that he had registered there before and checked out without paying and was billed for the same.

The state made several offers of proof in the presence of the jury that there were outstanding unpaid bills for rooms in the Ramada Inn in Texas and that they had been billed to the corporation of which the defendant was an officer. This offer of proof by the state was objected to by the defendant, which objection was sustained by the trial court and thereafter the state sought unsuccessfully to introduce such evidence.

At the conclusion of the evidence, and after the court had instructed the jury and

the case had been argued by the parties, the jury requested that State's Exhibit "C" be brought into the jury room, the same being the check cashed by Mr. O. B. Taylor for the defendant on the 18th day of January, 1964. At this point the following occurred:

"MR. HOWARD: The defendant objects to the check being presented to the jury for the reason the same is incompetent, irrelevant and immaterial as far as this check is concerned; so far as this charge is concerned, and admitted over the Defendant's objection and because of ths highly prejudicial remarks made as to the check by the County Attorney during his closing argument.

"THE COURT: Overruled.

"MR. HOWARD: Defendant excepts.

"MR. HOWARD: We further request the Court to instruct the jury further that whether the check was paid or not paid is not an issue in this case and should not be considered by them in determining the guilt or innocence of this defendant.

"THE COURT: Overruled: Request denied as to further instructions not presented in time as required by law. The jury has retired to the jury room. If there is nothing further except receiving a verdict in this case, the Court will recess."

■ The check in question was drawn on the Brookside State Bank of Tulsa, Oklahoma against the account of Mid-Continent General Insurance Agency, Inc., 1302 Hunt Bldg., Tulsa, Oklahoma, and bore the signature of Twyla Cason. It was made payable to E. Dale Covert in the sum of $96.45. This check had been deposited and stamped on the back, Pay Any Bank, P.E.O., Jan 20 1964 City National Bank, Tulsa, Oklahoma. From the photostatic copy of the check it is difficult to determine whether or not it had been dishonored, but the fact that Mr. O. B. Taylor, manager of the Ramada Inn, had the check in his possession on the date of trial leads us to the conclusion that the check had been presented for payment and dishonored. This being true we are of the opinion that the trial court committed reversible error by admitting the check over the objection of the defendant.

■■ The general rule is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. Evidence of other crimes in order to be admissible must come within one of the well-recognized exceptions to the rule. That it tends to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and, (5) The identity of a person charged with the commission of the crime on trial. See Roulston v. State, Okl.Cr., 307 P.2d 861, Hudson v. State, Okl.Cr., 399 P.2d 296, and cases cited therein.

It is readily apparent that the check in question was not admissible under the exceptions to the general rule, and was introduced solely for the purpose of bolstering an extremely weak case. This conclusion is supported by the repeated offering of incompetent evidence after objections had properly been sustained by the court.

We are of the opinion, and therefore hold, that the judgment and sentence appealed from should be reversed and remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.

NIX and BRETT, JJ., concur.