Fred Junior **TYLER**, Plaintiff-in-Error,

v.

The **STATE** of Oklahoma, Defendant-in-Error.

No. A–15228.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Legal Intern, for defendant in error.

BUSSEY, Judge.

Fred Junior Tyler, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Second Degree Burglary, After Former Conviction of a Felony. The punishment to be imposed was left to the court and the court set defendant's punishment at imprisonment in the state penitentiary for a term of twenty years. From said judgment and sentence, he appeals.

The burglary with which this prosecution was concerned occurred on June 17, 1968, of a residence located at 1137 Northeast 16th Street, Oklahoma City, Oklahoma. The home was forcibly entered by breaking open the window in the rear door of the house, and a record player and a highschool class ring were stolen. From the testimony of the State's witnesses, it established the following to be in substance as to what occurred:

Maxine Greene testified that on the morning of June 17, 1968, she locked the doors to her home and went to work. When she returned about 3:45 p. m. the front door was still locked but the window had been broken out of the rear door and the door was open. She immediately noticed that her daughter's record player was missing and the contents of three jewelry boxes were strewn around. Mrs. Greene further stated that she called the police and they came to the residence and made an investigation. She identified State's Exhibit No. 1 as the record player which had been stolen in the burglary.

Oklahoma City Police Officer Rex Barrett, next testified and stated that he arrested the defendant and a co-defendant, Vernon Bryant, on June 24, 1968, at the corner of Eleventh Street and North Kelley. He stated that the highschool class ring was in the defendant's possession at the time and that it had been in his possession on June 20, 1968, when he had arrested the defendant for carrying a concealed weapon. After advising the defendant of his rights, Officer Barrett asked the defendant about the ring and the defendant told him he took it in a house burglary and later showed Officer Barrett the Greene home as being the one burglarized. He also stated that he went to the co-defendant's home where the stolen record player was recovered. Police Officer Ronald King also testified in behalf of the State and in substance reiterated the testimony of Officer Barrett.

The defendant elected to take the stand on his own behalf and denied the burglary or knowing anything about it. It was his testimony that the ring had been given to him by the co-defendant, Vernon Bryant. Although admitting to three former convictions of Second Degree Burglary, he further denied showing the officers the Greene house as being the one burglarized.

On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the foregoing recital of facts, it is readily apparent that the evidence offered on behalf of the State, although in sharp conflict with the evidence offered on behalf of defendant, was sufficient, if believed, to support the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Music v. State, Okl.Cr., 396 P.2d 894 and Hudson v. State, Okl.Cr., 399 P.2d 296. In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

It is next contended that the punishment imposed is excessive. We need only observe that the punishment imposed was well within the range provided by

law, the record is free of any error which would justify modification or reversal. We accordingly find this assignment of error to be without merit.

In addition to the errors raised in the brief of counsel for the defendant, the defendant in his own behalf has filed additional instruments raising issues which are either not supported by the record or the law, and none of which have sufficient merit to justify discussion in this opinion.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.