Lonnie Gene PRATT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15308.

Court of Criminal Appeals of Oklahoma.

July 1, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Lonnie Gene Pratt, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, of the crime of Unauthorized Use of a Motor Vehicle After Former Conviction of a Felony, and from the judgment and sentence fixing his punishment at four years in the state penitentiary, he appeals.

Briefly stated, the facts adduced on the trial reveal that George W. Payton testified that on January 1, 1969, he lived at 125 N.E. 9th Street in Oklahoma City and had parked his car there, a 1961 Buick convertible, Illinois tag SR–6686. This was about 6:30 p. m., and at 7:30 p. m. he noticed that the car was missing and reported it to the police. He knew defendant and had seen him that day, giving him and another a ride from 23rd and Lottie to the Jet Bar on Stiles Circle. He denied giving defendant permission to drive his car.

Officer Donwerth of the Oklahoma City Police Department testified that he arrested defendant while driving the car about 9:30 p. m. at 23rd and North Prospect. Defendant told the officer the car belonged to defendant's brother, one Robert Vinson, and that defendant was returning the car to the owner.

Defendant testified that he had known Payton for some time and that Payton had driven him and some friends around to various places during the day and Payton finally left them at the Jet Bar about 7:00 p. m. Payton returned in about 20 minutes and stated that his car had been stolen. The next day as defendant drove in defendant's own car, he noticed Payton's car parked between 18th and 19th on Georgia with the motor running. One of defendant's companions drove defendant's car and defendant took Payton's car with the intention of returning it to Payton when the officers arrested defendant.

On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the foregoing recital of facts, it is readily apparent that the evidence offered on behalf of the State, although in sharp conflict with the evidence offered on behalf of defendant, was sufficient, if believed, to support the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Music v. State, Okl.Cr., 396 P.2d 894 and Hudson v. State, Okl.Cr., 399 P.2d 296. In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

It is next contended that the punishment imposed is excessive. We need only observe that the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.